HORACE G. YOUNG, as Trustee, etc., Appellant, *v.* SARAH B. OVERBAUGH, Respondent.

A parol gift of real estate and a parol promise to convey the same is valid and enforcible in equity, where the donee has entered into possession of the property and made permanent improvements thereon, on the faith of the donor's promise, and this, although when specific performance by the donee is claimed, the rental value of the property for the time it has been occupied by the latter would be more than the amount expended by him.

In 1872 C., plaintiff's testator, who was half-brother of defendant, and at whose request she and her husband had come to the city of Kingston to reside, requested the husband to build a house for her on land owned by C., at a cost specified, and to bring the bills to him for payment. The house was built at a cost exceeding by about $1,200 the sum named, which sum C. paid, and defendant went into occupation thereof and made valuable improvements upon the premises, of which C. had knowledge. After defendant had contracted to build the house C. stated that it was built for defendant and was hers, and so spoke of it to different persons at various times. In an action of ejectment to recover possession of the premises, the court found that the improvements, as well as the payment of the $1,200, were made and expended on the faith of the promises of C. to give the property to defendant. The court also found that the total amount expended by defendant for permanent improvements, repairs, taxes, insurance, etc., from the beginning of the erection of the house to the time of trial was $4,734.26, and the fair rental value during that period was $5,000. *Held,* that defendant was the owner of the equitable title; and so, that the action was not maintainable.

Reported below, 76 Hun, 151.

(Argued February 4, 1895; decided February 26, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made January 13, 1894, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. T. Clearwater* for appellant. There has never been a consummated gift. (*Cooley* v. *Lobdell*, 82 Hun, 98; *Eason* v.

*Eason,* 61 Tex. 225; *Dunphy* v. *Ryan,* 116 U. S. 491; *Lydeck* v. *Holland,* 38 Mo. 703; *Colgrove* v. *Solomon,* 34 Mich. 494.) The rent of the property is a full compensation for the expenditures alleged to have been made. (*Wack* v. *Sorber,* 2 Whart. 387; 30 Am. Dec. 269; *Walton* v. *Walton,* 70 Ill. 142; *Hickenson* v. *Grimes,* 1 Marsh, 86; *Mahill* v. *Mahill,* 69 Iowa, 115.) The utmost that can be inferred was an intention upon the part of Cornell to give the property. (*McKay* v. *McKay,* 15 Gr. Ch. 371; *Foster* v. *Emerson,* 5 id. 135; *Cox* v. *Cox,* 26 Gratt. 305; *Taylor* v. *Staples,* 8 R. I. 170.) The defendant cannot recover upon the ground that she remained at Kingston instead of·going·to Yonkers. (*Madison* v. *Alderson,* L. R. [8 App. Cas.] 467; *Gall* v. *Gall,* 64 Hun, 600.) The Statute of Limitations bars defendant's rights to to specific performance. (*Cooley* v. *Lobdell,* 82 Hun, 98; *Kelly* v. *Potter,* 16 N. Y. Supp. 446.) The defendant's rights are solely equitable, and, therefore, should not be recognized unless an action for specific performance could be maintained. (*Cavalli* v. *Allen,* 57 N. Y. 506.)

*J. Newton Fiero* for respondent. Where a donor has induced a donee to accept a gift and entered upon the land given to the latter, has erected lasting and valuable improvements upon it, courts of equity will not allow the donor to take advantage of the Statute of Frauds. In such case the donee takes the equitable title, and his right to the title may be enforced in a court of equity. (*Lobdell* v. *Lobdell,* 46 N. Y. 327; 3 Pars. on Cont. 359; *Crosbie* v. *McDonald,* 13 Ves. 148; *Freeman* v. *Freeman,* 43 N. Y. 34; *Schroder* v. *Wanzor,* 36 Hun, 425; *Dana* v. *Wright,* 23 id. 29; *Knapp* v. *Hungerford,* 7 id. 588; *Ogsbury* v. *Ogsbury,* 115 N. Y. 290; *Smith* v. *Smith,* 125 id. 224.) The general principle contended for is not, however, seriously controverted by the counsel or by the learned court which passed upon the case. A distinction is sought to be made, however, in this case, to the effect that the defendant has occupied the property for a sufficient length of time to be reimbursed for advances made

on her behalf, and, therefore, is not entitled to the relief sought. (*Knapp* v. *Hungerford*, 7 Hun, 588; *Young* v. *Glendenning*, 6 Watts, 509.) The doctrine urged by plaintiff cannot be sustained upon principle, aside from the authorities, since the jurisdiction of courts of equity in decreeing specific performance of verbal agreements where there has been part performance, is for the purpose of preventing a party from escaping engagements he has entered into through the Statute of Frauds after the other party to the contract has expended his money, or otherwise acted in execution of the agreement. (*Young* v. *Glendenning*, 6 Watts, 510; *Schney* v. *Schaefer*, 130 Penn. St. 23; *Rherick* v. *Kern*, 14 S. & R. 271; *Seary* v. *Drake*, 62 N. H. 393.) In this case the defendant had occupied the premises in question, given her by plaintiff's testator, for a period of nearly twenty years, making permanent improvements, paying current expenses, and treating the property as her own in every respect, with the knowledge and acquiescence of the donor. The plaintiff now seeks to make the very lapse of time a reason why defendant should not be entitled to the property. The contrary is the rule. (*Sower* v. *Weaver*, 84 Penn. St. 262; *Seary* v. *Drake*, 62 N. H. 393; *Hardesty* v. *Richardson*, 44 Md. 617.) The order of the General Term must be affirmed, and judgment absolute ordered aside from the merits heretofore discussed upon the erroneous admission of the judgment roll, in which DeWitt C. Overbaugh, the husband of defendant, is the plaintiff, and the executor of Cornell, the defendant. (36 N. Y. 483; 4 Mass. 702.)

GRAY, J. The plaintiff brought ejectment to recover the possession of land and a dwelling thereon, occupied by the defendant and her husband. It was conceded that the legal title was in plaintiff's testator, at the time of his death; but the defendant claimed that she was the owner of the equitable title to the premises, by reason of promises made by the plaintiff's testator to her and of acts done by her in reliance upon those promises.

The facts do not seem to be disputed; but, upon the find-

ings made at the trial term with respect to the facts, the learned judge presiding thereat and the learned justices at the General Term have differed in their conclusions. I will state the facts as they were found. In 1872, Thomas Cornell, the plaintiff's testator, was the owner of the premises in question. He was the half-brother of the defendant and upon his request she and her husband had settled in the city of Kingston. In the year mentioned, Mr. Cornell asked the defendant's husband to build a house for the defendant on a certain piece of his property, at the cost of $4,500, and to bring the bills to him for payment. The house was built at a cost, which exceeded, by about $1,200, the sum named by Mr. Cornell, and the defendant, subsequently, made valuable permanent improvements upon the property; such as building a barn, planting of fruit trees, putting in a heating apparatus, etc.; of all which Mr. Cornell had knowledge. Other facts found were that, after the defendant had contracted to erect a house upon the property, Mr. Cornell had stated that the house was built for the defendant and was hers; and so spoke of it to different persons at different times. Upon one occasion, in the year 1876, upon the defendant's husband informing Mr. Cornell that he had found a business at Yonkers, which he thought it would be a good thing to go into, the latter replied, to the effect, that if they moved away from the property where they then resided the defendant should not have it and that they would lose it. There was this specific finding: "That such improvements, as well as the payment of $1,200, were made and expended on the faith of the promises by Cornell, to give the property to Mrs. Overbaugh (this defendant), and all such moneys were expended, and improvements made, for and on behalf of the defendant and at her request, and under her promise to repay her husband thereafter." There was a finding that the total amount of money expended by the defendant for permanent improvements, repairs, taxes, insurance, etc., and including, also, repairs and expenses, which are incidental to the ordinary care of a house, from the beginning of the erection of the house

down to the date of the trial, was the sum of $4,734.26 and that the fair rental value of the property of the defendant during her occupancy, for a period of about twenty years, was $250 per year; amounting in the aggregate to $5,000.

The learned trial justice conceded the existence of the exception to the general rule, that a parol gift of real estate is void, in a case where the donee enters into possession of and improves the property, upon the strength of the promise that it would be given to her; but he did not think that the present case fell within the exception. He was influenced in that view by a consideration of the nature of the acts done by the defendant, in reliance upon the promise of Mr. Cornell. Regarding the equitable rule to be founded in the idea of preventing an injustice being done to a promisee, if the promisor be permitted to avail himself of the statute, and that the application of the rule is in a case where financial injury will be sustained; he, in the first place, considered that as the defendant's acts were only such as an ordinary householder would be expected to make and, in the second place, as the fair rental value of the premises during the twenty years of the defendant's occupation was worth to her, altogether, a sum which exceeded the aggregate of the sum found to have been expended by her, or at her request, during that time, that if the defendant was compelled to surrender possession of the premises, she would not, in fact, be a loser as the result of the entire transaction with Mr. Cornell, but the gainer. Hence he concluded that there was absent here that element of injustice to the donee; which is essential to exist, in order to entitle him to an enforcement of the donor's promise.

We find ourselves unable to agree with the trial justice in his judgment upon this question and we prefer the view taken at the General Term; that where there has been a parol promise to convey, a taking of possession under such promise and the making of permanent improvements upon the property upon the faith thereof, the mere value of the occupation during the time is not to be set off against the expenditures made. I think it would not be within the spirit of the rule

in equity, that its application should be made to depend, not upon the fact of a consideration for the promise being shown to have existed and to have been performed, but upon the question whether, when specific performance by the donor is claimed, the use has not compensated the donee and relieved the donor's obligation. In *Freeman* v. *Freeman* (43 N. Y. 34), which was an action of ejectment and where the defense was a parol promise to give the land to the defendant, accompanied by an actual delivery and possession by him; GROVER, J., said: " The question then is, whether a parol promise by one owning lands to give the same to another will be enforced in equity, when the promisee has been induced by the promise to go into possession and, with the knowledge of the promisor, make comparatively large expenditures in permanent improvements upon the land.   *   *   *   In the case supposed, there has been no part performance of the contract, strictly speaking, except the taking possession, no part of the purchase money having been paid, and yet the cases are numerous where performance of such contracts has been decreed in equity, where possession has been taken under the contract and large expenditures upon permanent improvements made." Again he says : " Expenditures made upon permanent improvements upon land with the knowledge of the owner, induced by his promise, made to the party making the expenditure, to give the land to such party, constitute in equity a consideration for the promise." It was said by PARKER, J., in *Lobdell* v. *Lobdell* (36 N. Y. at page 330): " If the promisee, on the faith of the promise, does some act, or enters into some engagement, which the promise justified, and which a breach of the promise would make very injurious to him, this equity might regard as confirming and establishing the promise, in much the same way as a consideration for it would."

In such a case as this, to constitute a good consideration in equity, it is, of course, essential that it be substantial; in the sense that the promise shall rest upon a performance by the promisee, which evidences acceptance of and reliance upon

the promise and consists in expending moneys in permanent improvements upon the land. In this case it may well have been, as found, that some of the expenditures made by the defendant upon the property were such as a householder would ordinarily make, or were trivial in their nature; but they do not influence the character of the others. We have the fact that the house was contracted for upon the promise of Mr. Cornell; that its cost exceeded the sum, which he agreed to be responsible for, by $1,200, and that there were the other improvements of a permanent character, to which I have adverted as being found. There was, in fact, such a consideration for the promise of Mr. Cornell as to have made it obligatory upon him to perform it, in order that the defendant should not be defrauded and injured. It would be very inequitable to deprive the agreement of its obligatory character, merely because, during the time of the occupation of the defendant under the parol promise, the fair rental value of the premises would amount, in the aggregate, to a sum in excess of the amount altogether expended. If there was the promise to give the property, accompanied by the delivery of possession to the defendant and expenditures in permanent improvements made, in reliance upon the promise, injury will be presumed to follow by a failure to perform it. In enforcing such a promise, equity aims at preventing a fraud upon the donee and regards the case as taken out of the operation of the statute by the part performance.

The case, supposed by the learned trial justice, of trivial repairs or improvements by a tenant entering into possession of real estate under a promise that it will be given to him, was not the case before him under his own findings.

I think that the defendant fully made out her claim to be the holder of the equitable title and that she could not be ejected from the premises at the suit of the plaintiff.

The judgment appealed from should be affirmed and judgment absolute ordered against the appellant upon the stipulation, with costs to the respondent in all the courts.

All concur.

Judgment accordingly.