ISABELLA HAY, Respondent, *v.* ANTONIO KNAUTH, Appellant.

FINDINGS OF FACT IN DECISION STATING SEPARATELY THE FACTS FOUND AND CONCLUSIONS OF LAW — UNANIMOUS AFFIRMANCE BY APPELLATE DIVISION OF JUDGMENT REQUIRING REMOVAL OF ENCROACHMENTS.
The findings of fact in a decision of the Special Term of the Supreme Court, stating separately the facts found and conclu.'ons of law, upon which is based a judgment requiring defendant to remove a house and gate erected by him on premises which the judgment declares to be a private road, unanimously affirmed by the Appellate Division, must be assumed by the Court of Appeals not only to be true but to express the whole truth, and the judgment must be affirmed by such court when the findings establish: (1) The making of an oral agreement between the owners of all the lands abutting upon such road to establish a private road for the benefit of all parts of such lands; (2) that the oral agreement became an executed agreement by a part performance of its stipulations by all the parties to it before the defendant purchased his lands; (3) that defendant purchased with full knowledge thereof and with the intent to be bound thereby.
*Hay* v. *Knauth*, 51 App. Div. 623, affirmed.

(Argued November 20, 1901; decided December 31, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 10, 1900, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Antonio Knauth* and *James L. Suydam* for appellant. The oral agreement which the court found had been made by Allan Hay, the plaintiff, his wife, and James Hay in 1891, was of no effect and void under the statute. ( *White* v. *M. Ry. Co.*, 139 N. Y. 19; *Crosdale* v. *Lanigan*, 129 N. Y. 604; *Taylor* v. *Millard*, 118 N. Y. 244; *Nellis* v. *Munson*, 108 N. Y. 453; *Cronkhite* v. *Cronkhite*, 94 N. Y. 323; *Pierce* v. *Keator*, 70 N. Y. 419; *Wheeler* v. *Reynolds*, 66 N. Y. 227; *People* v. *Holmes*, 166 N. Y. 543.) It is immaterial whether or not the defendant Percival Knauth had

notice of the oral agreement made between Allan Hay and
wife and James Hay when he purchased the piece of land
described. (*Huyck* v. *Andrews*, 113 N. Y. 81, 85.) The
parol agreement which equity will regard as equivalent to a
grant must be complete, founded upon a valuable considera-
tion, its terms defined by satisfactory proof and accompanied
by part performance unequivocally referable to the supposed
agreement. (*Wiseman* v. *Lucksinger*, 84 N. Y. 31.) The
finding of the Special Term that by the deed the par-
ties intended to create a portion of the road "for the use
of the owners of any and all lands through which said
private road ran" is untenable. (*Parsons* v. *Johnson*, 68
N. Y. 62; *Drew* v. *Swift*, 46 N. Y. 404; *Lawrence* v.
*Palmer*, 71 N. Y. 607; *Armstrong* v. *Du Bois*, 90 N.
Y. 95; *Huyck* v. *Andrews*, 113 N. Y. 81, 89; *Her-
man* v. *Roberts*, 119 N. Y. 37, 42; *Thomas* v. *Scutt*, 127
N. Y. 133, 140; *Renard* v. *Sampson*, 12 N. Y. 561; *Long*
v. *N. Y. C. R. R. Co.*, 50 N. Y. 76; *Bridger* v. *Pierson*,
45 N. Y. 603.) The covenant in the deed from Allan Hay
created only a mutual easement in favor of the grantor and
the grantee in that portion of the private road which formed
the boundary between the land deeded to the grantee and
that which remained in the hands of the grantor. (*Wells* v.
*Garbutt*, 122 N. Y. 430; *Paine* v. *Chandler*, 134 N. Y.
385; *Grafton* v. *Moir*, 130 N. Y. 465; *Blackman* v.
*Stryker*, 142 N. Y. 555.) The deed from Allan Hay and
wife to Percival Knauth did not create any estoppel in
favor of James Hay, who was then the owner of the north-
erly ten and one-half acre tract. (*Andrews* v. *Æ. L. Ins.
Co.*, 85 N. Y. 334; *Jackson* v. *Brinckerhoff*, 3 Johns.
Cas. 101; *Deery* v. *Cray*, 5 Wall. 795; *Allen* v. *Allen*,
45 Penn. St. 468; 2 Herman on Est. 574–579.) By the
deed next in order of time, Allan Hay and wife con-
veyed to James Hay (who was then the owner of the north-
erly ten and one-half acre tract) all interest in the land remain-
ing in their possession and in the covenant of the deed. The
plaintiff, as wife of the grantor, did not retain an interest in

the covenant as if the same had been an easement in gross, but the covenant now became binding upon, and inured to the benefit of, James Hay, the grantee. (Washb. on Ease. [4th ed.] 45 ; *Valentine* v. *Schrieber*, 3 App. Div. 235, 240 ; *Moore* v. *Cross*, 43 Ind. 30 ; 10 Am. & Eng. Ency. of Law [2d ed.], 402.) The parties to the deed are prevented by law from claiming that anything was conveyed or reserved which was not shown or described in the deed. ( *Willoughby* v. *Jenks*, 20 Wend. 99 ; *Kurtz* v. *Potter*, 44 App. Div. 262.) The deed from James Hay to the plaintiff, made in 1893, under which she claims title to the northerly ten and one-half acre tract, did not convey to her any easement over the two and one-half acre plot, then remaining in the grantor, James Hay. (*Rexford* v. *Marquis*, 7 Lans. 249, 262 ; *Valentine* v. *Schrieber*, 3 App. Div. 235, 240 ; Jones on Ease. § 360 ; *Albert* v. *Thomas*, 73 Md. 181 ; *Davenport* v. *Lamson*, 21 Pick. 72 ; *Green* v. *Canny*, 137 Mass. 64 ; *H. S. Co.* v. *Malott*, 130 Ind. 21 ; *Brossart* v. *Corlett*, 27 Iowa, 288 ; *Howell* v. *King*, 1 Mod. 190 ; *Schroder* v. *Brenneman*, 23 Penn. St. 348 ; *French* v. *Marstin*, 32 N. H. 316.) The covenants in the deed from James Hay to Percival Knauth for the two and one-half acres, executed in 1896, could not create any easement for the plaintiff, because she was a stranger to that deed. ( *Walrath* v. *Redfield*, 18 N. Y. 457 ; *McKinney* v. *Lanning*, 139 Ind. 170.) The plaintiff cannot claim an estoppel *in pais*. (*Maguire* v. *Seldon*, 103 N. Y. 642 ; *Mayenborg* v. *Haynes*, 50 N. Y. 675 ; *Hunt* v. *Moultrie*, 1 Bosw. 531.) There is no proof of a way by necessity. (*Outerbridge* v. *Phelps*, 13 Abb. [N. C.] 117 ; Jones on Ease. § 143 ; *A. B. N. Co.* v. *N. Y. E. R. Co.*, 129 N. Y. 252.)

*Michael H. Cardozo* for respondent. Assuming the correctness of the findings of the trial court, both express and implied, in view of the unanimous affirmance by the Appellate Division, the conclusion follows that the plaintiff was entitled to the relief granted by the judgment. (*Vrooman* v. *Turner*, 69 N. Y. 280 ; *Todd* v. *Weber*, 95 N. Y. 181 ; *Buchanan* v.

*Tilden,* 158 N. Y. 109 ; *Matthews* v. *Matthews,* 154 N. Y.
288 ; *Crane* v. *Powell,* 139 N. Y. 379 ; *Clifford* v. *Kampfe,*
147 N. Y. 383 ; *Simar* v. *Canaday,* 53 N. Y. 398 ; *M. L.
Ins. Co.* v. *Shipman,* 119 N. Y. 324 ; *Angler* v. *C., M. & S.
P. Ry. Co.,* 151 U. S. 1 ; *Canda* v. *Totten,* 157 N. Y. 281.)
Assuming that the plaintiff could not maintain an action at
law upon the covenant, which was intended for her benefit,
the covenant at least created an equitable easement which
entitled her to relief in equity. (*Barrow* v. *Richard,* 8
Paige, 351 ; *Brouwer* v. *Jones,* 23 Barb. 153 ; *Tallmadge* v.
*E. R. Bank,* 26 N. Y. 105 ; *Trustees, etc.,* v. *Lynch,* 70
N. Y. 440 ; *E. L. A. Society* v. *Brennan,* 148 N. Y. 661 ;
*Dennis* v. *Wilson,* 107 Mass. 591 ; *Valentine* v. *Schrieber,* 3
App. Div. 240 ; *Reise* v. *Enos,* 8 L. R. A. 817 ; *Hano* v.
*Bigelow,* 155 Mass. 341 ; Washb. on Ease. 28, 29, 161 ; *Parker*
v. *Nightingale,* 6 Allen, 341.) The defendant Antonio Knauth
stands in no better position than was occupied by Percival
Knauth, his immediate grantor, and whatever rights might
have been enforced by adjoining proprietors against the latter,
may with equal propriety be enforced against the former.
(*Hodge* v. *Sloan,* 107 N. Y. 244 ; *Rowland* v. *Miller,* 139 N.
Y. 93 ; *Tallmadge* v. *E. R. Bank,* 26 N. Y. 105, 109.) An
action in equity to enjoin the obstruction of the roadway is the
proper remedy. (*Dexter* v. *Beard,* 130 N. Y. 549.)

PARKER, Ch. J. The judgment requires defendant to
remove a house and gate erected by him upon premises which
the judgment declares to be a private road. From the find-
ings of fact made by the trial court we extract the following :

In September, 1866, John Hill deeded to James Hay 10½
acres of land on the shores of Lake George, and on the same
day he deeded to Allen Hay, Jr., a brother of James, 7½ acres
immediately adjoining the first-mentioned lot on the south.
On the death of Allen Hay, Jr., Allen Hay, Sr., succeeded by
inheritance to the latter tract.

In 1891 James Hay and Allen Hay, Sr., verbally agreed,
for the mutual benefit of all parts of said lots and for the pur-

pose of making them marketable, that a private road 25 feet in width should be laid out and forever maintained, extending from the extreme northerly part of said 10½-acre lot, across such lot and the 7½-acre lot along the line of an old road, to a point in the highway called the Lake road.

Thereafter they caused a survey to be made of said private road and laid out the tract into building lots, the survey following the old road, as the parties had agreed, the surveyor at the time driving stakes into the ground indicating the center line. Subsequently he submitted a map, showing the private road and the mapping out of the lots (as he had done it upon the ground), to the owners of the property, who thereupon approved and adopted the map, and agreed that the said private road, as indicated on said map, should continue to exist forever for the use and benefit of all of the owners of the lots bounded by the same or which were crossed thereby, all such owners to have the right to pass and repass over said private road without hindrance. They paid jointly the expense of the survey and the making of the map.

Of all of these facts defendant had full notice, including the map, before he purchased the southerly portion of the 7½-acre tract from Allen Hay, and the deed executed to him described one course as running " to the center of a private road (which road is 25 feet in width); thence north 30 minutes east along the center of said road 50 feet." That deed also stipulated that " any fence that may be erected along the line of said private road shall be set not less than 12½ feet from the center line of said road as above described."

The private road described in the deed is the private road surveyed and mapped for Allen Hay, Isabella Hay and James Hay, and it is upon that private road that the defendant's house and gate encroach.

Now, the trial court specifically found " that it was the intention of the parties to said deed (meaning the deed from Hay to this defendant) to ratify and confirm the said verbal agreement respecting the said private road. That it was the intention of said parties to create in perpetuity a road 25 feet

in width as mapped by said Brown, so far as the same is described as a boundary of the land conveyed, 12¼ feet in width to be taken off the land conveyed and 12½ feet in width to be taken off the land of the grantors, and to be kept open for the use, not only of the parties to said deed, but for the use of the owners of any and all lands through which such private road ran as indicated by said map." After which, the findings say, the defendant entered into possession of the parcel conveyed to him, and, in obedience to the description contained in the deeds and the understanding of the parties, built a wire fence along said road on its easterly side from the junction with the Lake road, which fence was intended to, and did observe the restriction in said deed, being 12½ feet from the center line of said private road.

Subsequently, Allen Hay and Isabella Hay conveyed the rest of the 7½-acre tract to James Hay, and later James Hay conveyed to Isabella Hay the whole 10½-acre lot without mentioning the private road in the deed. But the grantee was a party to the original verbal agreement and had full knowledge of all conveyances and restrictions theretofore made.

Other conveyances there were, but it is not important that they should be mentioned, the defendant's position having been that the purchasers of the lots in the 10½-acre piece had no right to pass and repass upon the so-called private road, and hence he made the erections which the judgment in this action requires him to remove.

The findings of fact conclude as follows: "That prior to the purchase made by Antonio Knauth the said private road had been used by teams passing to and from lot 8 in said 10½-acre piece. That said road had been graded and is in use from the said house erected by Antonio Knauth to its intersection with said Lake Road and has been partly graded across the said 10½-acre piece ‚* * * for the purpose of making an outlet from said private road to said Lake Road as contemplated by said verbal agreement."

Assuming as we must (this not being a short decision) that

the findings of fact are not only true but that they express the whole truth, in view of the unanimous affirmance by the Appellate Division, the conclusion necessarily follows that the plaintiff was entitled to the judgment rendered, for they established :

(1) The making of an oral agreement between the owners of all the lands to establish such private road for the benefit of all parts of such lands.

(2) That the oral agreement became an executed agreement by a part performance of its stipulations by all the parties to it before the defendant purchased his lands.

(3) That defendant purchased with full knowledge thereof and with the intent to be bound thereby.

In such case equity will protect the contract and if need be will enforce specific performance, although the contract itself be within the Statute of Frauds. (*Canda* v. *Totten*, 157 N. Y. 281; *Cooley* v. *Lobdell*, 153 N. Y. 596; *Young* v. *Overbaugh*, 145 N. Y. 158.)

The judgment should be affirmed, with costs.

O'Brien, Bartlett, Martin, Vann and Cullen, JJ., concur; Landon, J., not sitting.

Judgment affirmed.