The Messiah Home for Children in the City of New York, Respondent, v. Henry H. Rogers, Jr., et al., Appellants.

Real property — gift — execution of proposed gift of real estate may be enforced when donee has entered thereon with knowledge of donor and made improvements — pleading — sufficiency of allegations, in complaint, of expenditures on premises in reliance on gift to sustain action to set aside mortgage made by donor, as inequitable.

1. The general rule is that execution of a proposed gift cannot be enforced, and obviously if a proposed donor cannot be compelled to carry out or perfect the proposed gift he may incumber and reduce its scope and extent as much as he likes. There are, however, exceptions to this rule, and one is that where there has been a gift of real estate and the donee in reliance thereon and with knowledge of the donor has entered on the premises and made expenditures of a certain character, performance of the gift will be enforced and, if necessary, a conveyance of the lands adjudged.

2. Where, in an action brought to procure the cancellation of a mortgage held by the defendant on real estate conveyed by his father to the plaintiff, it is claimed that said mortgage is without consideration and that it was placed on said premises in violation of the terms of a gift made by the father to plaintiff of said premises which had been so accepted and acted on by the latter that it would be inequitable to permit such mortgage to stand, and the complaint alleges, in effect, that on the faith of the gift to plaintiff it "incurred an increased budget of maintenance and expense," and also that, relying on the gift and on the assurances that title had been conveyed to it of the premises, it "made various improvements on the premises at its own expense and paid out moneys and incurred expenses to a large amount as the owners of the property," such allegations, though somewhat vague and indefinite, are sufficient to permit the plaintiff to prove, if it can, that it has made expenditures of money on the faith of the proposed gift which will render it inequitable that it should be deprived of the same either by failure of the donor to consummate it or through impairment thereof by such a mortgage as is complained of.

*Messiah Home for Children* v. *Rogers*, 161 App. Div. 366, affirmed.

(Submitted June 5, 1914; decided July 14, 1914.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 20, 1914, which reversed an order of Special Term denying a motion by plaintiff for judgment in its favor upon the pleadings and sustaining defendants' demurrer to the complaint and granted said motion with leave to defendants to withdraw the demurrer and answer.

The following question was certified: "Does the complaint state facts sufficient to constitute a cause of action?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*John A. Garver* for appellants. The three essential elements of a valid gift are the intention of the donor to give, the actual delivery to the donee of the thing given, and the acceptance by the donee. Mere delivery, without intention to vest complete title in the donee, or mere intention, without the actual delivery to the donee, are insufficient to constitute a valid gift. (Thornton on Gifts, §§ 3, 70, 72; *Doty* v. *Wilson*, 47 N. Y. 580; *Curry* v. *Powers*, 70 N. Y. 212; *Young* v. *Young*, 80 N. Y. 422; *Jackson* v. *Twenty-third Street Ry. Co.*, 88 N. Y. 521; *Matter of Crawford*, 113 N. Y. 560; *Beaver* v. *Beaver*, 117 N. Y. 421; 137 N. Y. 59; *Matter of Bolin*, 136 N. Y. 177; *Wadd* v. *Hazelton*, 137 N. Y. 215; *Gannon* v. *McGuire*, 160 N. Y. 476.) To the elements essential to a gift of personal property there must be added another and most important one in the case of a gift of real property, namely, the statutory requirement that an interest in realty can be created only by an instrument in writing. (L. 1909, ch. 52, § 242; *Ogsbury* v. *Ogsbury*, 115 N. Y. 290.) The evidence relied upon by the plaintiff as showing an oral gift is, for the most part, incompetent, and, in any event, insufficient to establish a gift of the fee. But even if Mr Rogers had intended to make an uncondi-

tional gift of this property in fee, free and clear of all incumbrances, and had permitted the plaintiff to take possession under the expectation that he would make such a gift, that would not in itself be sufficient to constitute a gift of real property. An action will not lie to compel a person to make a gift of land, no matter how clear his intention to make it, nor how explicit his promise to do so. (*Phelps* v. *Pond*, 23 N. Y. 69; *Matter of Wilbur* v. *Warren*, 104 N. Y. 192; *Jackson* v. *Rogers*, 2 Caines Cas. 314; *Ogsbury* v. *Ogsbury*, 115 N. Y. 290; *Kolb* v. *Mortimer*, 135 App. Div. 542; *Cleminshaw* v. *Coon*, 136 App. Div. 160.) An oral gift of land is ineffective unless substantial improvements of a permanent nature have been made in reliance upon the gift. (*Freeman* v. *Freeman*, 51 Barb. 306; 43 N. Y. 34; *Young* v. *Overbaugh*, 145 N. Y. 158.) In order to dispense with the necessity of a writing the evidence showing a parol gift of real property must be clear and unequivocal, and the donee must have made substantial, permanent improvements upon the land. (Browne on Stat. of Frauds [5th ed.], § 467; Pomeroy on Spec. Perf. [2d ed.] §§ 130, 131; Thornton on Gifts and Advancements, § 371; Waterman on Spec. Perf. §§ 187, 271, 284; *Swan Oil Co.* v. *Linder*, 123 Ga. 550; *Standard* v. *Standard*, 223 Ill. 255; *Buhler* v. *Trombly*, 139 Mich. 557; *Snow* v. *Snow*, 98 Minn. 348; *Anderson* v. *Scott*, 94 Mo. 637; *Murphy* v. *Stell*, 43 Tex. 123; *Griggsby* v. *Osborn*, 82 Va. 371.)

*Henry W. Jessup* and *Eustace Conway* for respondent. A gift is not a contract or a sale. Where a man makes a gift by parol, if the donee has gone into possession in pursuance of the gift, and made valuable improvements on it, the land so given cannot be claimed back again and the possession resumed by the donor. (*Hugus* v *Walker*, 12 Penn. 173; *W. U. Tel. Co.* v. *M. Ry. Co.*, 57 N. Y. Supp. 357.) The promise to provide a permanent home would be enforceable against Mr. Rogers, the

donor, were he living. (*Keuka College* v. *Ray*, 167 N. Y. 96; *Freeman* v. *Freeman*, 43 N. Y. 36; *Young* v. *Overbaugh*, 145 N. Y. 158; *Lobdell* v. *Lobdell*, 36 N. Y. 330; *Miller* v. *Ball*, 64 N. Y. 286; *Ball* v. *Ball*, 97 App. Div. 347; *McFadden* v. *Allen*, 134 N. Y. 489.) At the time and as a result of the delivery of the gift by the donor unincumbered, and its acceptance and occupation by the donee, a trust arose by construction in the donor to evidence his gift to the donee by written instrument. (Perry on Trusts, § 166; *McClellan* v. *Grant*, 83 App. Div. 599; 181 N. Y. 581; *Lennon* v. *B. & C. Co.*, 27 Misc. Rep. 452; 46 App. Div. 621; *Hall* v. *Livingston*, 3 Del. Ch. 348; *Judd* v. *Moseley*, 30 Iowa, 428.)

HISCOCK, J. This action was brought to procure the cancellation of a mortgage for $600,000 held by the defendant Rogers on real estate conveyed by his father to the plaintiff, it being claimed that said mortgage is without consideration and that it was placed on said premises in violation of the terms of a gift made by the father to plaintiff of said premises which had been so accepted and acted on by the latter that it would be inequitable to permit such mortgage to stand. The question is whether the complaint alleges facts sufficient to entitle it to a judgment canceling said mortgage even though the latter be without consideration.

Passing by many introductory, explanatory and evidentiary allegations, the complaint alleges the following substantial facts:

The plaintiff is a charitable institution. Mrs. Henry H. Rogers, Senior, was the president of its board of managers, and in 1901 she communicated to said board the proposal of a gift by her husband of the land in question with an offer to build thereon a "Home" for its use. March 25, 1902, Mr. Rogers purchased the land and a gift of the same "was thereafter made to the plaintiff" and the said gift was accepted and "at the end of May,

1902, the house and the premises on which it stood were delivered by said Henry H. Rogers, Senior, to and came into the possession of plaintiff."

Thereafter the erection of a new building for the uses of plaintiff was commenced on said premises by Mr. Rogers, which was completed, and " thereafter and on the 4th day of March, 1908, the plaintiff, through its Board of Managers, entered into possession and accepted, dedicated and held its first meeting in the new Home which Mr. Rogers had thus built for and dedicated to the uses of the plaintiff on the said premises, into possession of which it had already entered, as aforesaid, and then and there such Home was also delivered to them in accordance with the previous announcements and promises; " that " ever since that time the plaintiff has been and still is in undisturbed possession of said premises thus secured by gift to the plaintiff and dedicated to the purposes of its work, and the said Henry H. Rogers and his wife, so long as they lived, ratified the gift and also contributed to its support."

The record title to the land was for a time left in the name of Mr. Rogers, on the assurance that the same would be transferred to the plaintiff when the new building was completed, and after such completion it was announced to the plaintiff by Mr. Rogers, through his wife, that the record title had been formally conveyed to the plaintiff. The plaintiff relying upon this assurance made no search of the records and did not learn until after the death of the grantor in 1909 of the mortgage now complained of. It then ascertained that just before this conveyance of said premises to plaintiff in 1909 Mr. Rogers conveyed the same to a " dummy " who executed the mortgage for $600,000 to the grantor's son, the present defendant Rogers, without consideration, and thereafter reconveyed the premises to Mr. Rogers, who with his wife then conveyed them to the plaintiff " subject to all liens."

It is further alleged under circumstances which imply knowledge on the part of the grantor that when the plaintiff took possession of the premises in May, 1902, before the erection of the new building, it "incurred an increased budget of maintenance and expense;" that after the building was completed and it was assured that the premises had been formally conveyed to it by deed, the plaintiff, relying on said assurances and gift, "made various improvements on the premises at its own expense and paid out monies and incurred expenses to a large amount as the owners of the property; that the managers each and all relying on the said promises and assurances gave up their time and best work to the charity and have made it, by reason of such work and their contributions of money and other gifts at the commencement of the suit and now a most efficient, solvent and splendid charity."

On the allegations of the complaint the mortgage which has been placed on the premises is without consideration and the holder thereof is in no better position to assert a claim against the premises than would have been Mr. Rogers, the donor. The question, therefore, is whether Mr. Rogers in 1909 when he executed this mortgage could have been compelled by plaintiff to execute to it a deed of the premises free and clear of any claims or incumbrances for his own benefit. The answer to this question will be settled by a definite and narrow test. The general rule, of course, is that execution of a proposed gift cannot be enforced, and obviously if a proposed donor could not be compelled to carry out or perfect the proposed gift he might incumber and reduce its scope and extent as much as he liked. There are, however, exceptions to this rule, and one is that where there has been a gift of real estate and the donee in reliance thereon and with knowledge of the donor has entered on the premises and made expenditures of a certain character, performance of the gift will be enforced and if necessary a con-

veyance of the lands adjudged. It is within this exception that the plaintiff attempts to bring itself and under which it insists that it could have compelled a conveyance from Mr. Rogers, Senior, in 1909, and can now secure a cancellation of the mortgage held by his son without consideration. As I have indicated, the narrow and controlling question is whether it has sufficiently alleged expenditures and improvements on the premises in reliance on the gift so that within the exception and principle stated it can secure this relief. My opinion is that it has done so, leaving it, of course, to be determined hereafter whether under these allegations the evidence which it may be able to produce will establish expenditures of a character and importance to uphold a judgment in its behalf. We have the allegations in effect that on the faith of the gift to it, it "incurred an increased budget of maintenance and expense," and also that relying on the gift and on the assurances that title had been conveyed to it of the premises it "made various improvements on the premises at its own expense and paid out moneys and incurred expenses to a large amount as the owners of the property." These allegations are somewhat vague and indefinite, but that does not render them demurrable. Within the cases hereafter to be referred to it seems to me to be quite clear that if the plaintiff had alleged that it had made permanent and substantial improvements and expenditures on the premises it would have stated a sufficient ground for compelling execution by Mr. Rogers of his gift. I do not, however, think that this exact formula is necessary to the sufficiency of the complaint, but that all of the allegations together on this subject are sufficient to permit the plaintiff to prove if it can that expenditure of money on the faith of the proposed gift which within the authorities will render it inequitable that it should be deprived of the same either by failure of the donor to consum-

21

mate it or through impairment thereof by such a mortgage as is complained of.

The leading case on this subject is *Freeman* v. *Freeman* (43 N. Y. 34, 38), where it was said by Judge GROVER: "The question then is, whether a parol promise by one owning lands to give the same to another will be enforced in equity, when the promisee has been induced by the promise to go into possession, and, with the knowledge of the promisor, make comparatively large expenditures in permanent improvements upon the land. It is, and must be conceded, that if the promise by parol was to sell the land for a valuable consideration to be paid therefor by the promisee, such promise under this precise state of facts would be enforced. The ground upon which this equitable jurisdiction is exercised, although sometimes said to be part performance, really is to prevent a fraud being practiced upon the parol purchaser by the seller, by inducing him to expend his money upon improvements upon the faith of the contract, and then deprive him of the benefit of the expenditure, and secure it to the seller by permitting the latter to avoid the performance of his contract. In the case supposed, there has been no part performance of the contract, strictly speaking, except the taking possession; no part of the purchase money having been paid, and yet the cases are numerous where performance of such contract has been decreed in equity, where possession has been taken under the contract and large expenditures upon permanent improvements made. In the present case, possession has been taken under the promise and the expenditures upon improvements made, yet it is insisted that equity will not enforce the promise for the reason that it was to give, instead of having been to sell the land for a valuable consideration. Permitting the promisor to avoid performance operates as a fraud as much in the latter as in the former case, so far as expenditures upon improvements are concerned. The counsel for the appellant insists that there has been no part perform-

ance of the contract to give the land. The answer to this is, that possession has been taken, and valuable improvements made upon the faith of the promise. These acts constitute part performance by the respondents. It if true that the plaintiff has done nothing by way of performance on his part. It is not necessary that he should. Part performance by the party seeking to enforce the contract is sufficient. It is further insisted, that an executory promise, not founded upon any valuable consideration, is a mere nude pact, furnishing no grounds for an action at law, and that performance of such a promise will not be enforced in equity. This is true so long as the promise has no consideration. Anything that may be detrimental to the promisee or beneficial to the promisor in legal estimation will constitute a good consideration for a promise. Expenditures made upon permanent improvements upon land with the knowledge of the owner, induced by his promise, made to the party making the expenditure, to give the land to such party, constitute in equity a consideration for the promise. * * * The Statute of Frauds has no bearing upon the case. If the promise, reduced to writing could, under the circumstances, be enforced in equity, it may be, although by parol. (2 Statutes at Large, 139, § 10.) "

In *Young* v. *Overbaugh* (145 N. Y. 158, 162) plaintiff brought ejectment to recover the possession of land and a dwelling thereon, occupied by the defendant and her husband. It was conceded that the legal title was in plaintiff's testator at the time of his death. Defendant claimed that she was the equitable owner by reason of promises made by plaintiff's testator to her and of acts done by her in reliance upon these promises. Judge GRAY wrote: "Where there has been a parol promise to convey, a taking of possession under such promise and the making of permanent improvements upon the property upon the faith thereof, the mere value of the occupation during the time is not to be set off against the expenditures made. I think it

[212 N. Y.]          Opinion, per HISCOCK, J.          [July,

would not be within the spirit of the rule in equity that
its application should be made to depend, not upon the
fact of a consideration for the promise being shown to
have existed and to have been performed, but upon the
question whether, when specific performance by the donor
is claimed, the use has not compensated the donee and
relieved the donor's obligation." After quoting from
*Freeman* v. *Freeman* (*supra*) the opinion continues: "It
was said by PARKER, J., in *Lobdell* v. *Lobdell* (36 N. Y.
at page 331): 'If the promisee, on the faith of the prom-
ise, does some act, or enters into some engagement, which
the promise justified, and which a breach of the promise
would make very injurious to him, this equity might
regard as confirming and establishing the promise, in
much the same way as a consideration for it would.' In
such a case as this, to constitute a good consideration in
equity, it is, of course, essential that it be substantial;
in the sense that the promise shall rest upon a perform-
ance by the promisee, which evidences acceptance of and
reliance upon the promise and consists in expending
moneys in permanent improvements upon the land.
*  *  * If there was the promise to give the prop-
erty, accompanied by the delivery of possession to the
defendant and expenditures in permanent improvements
made, in reliance upon the promise, injury will be pre-
sumed to follow by a failure to perform it. In enforcing
such a promise, equity aims at preventing a fraud upon
the donee and regards the case as taken out of the opera-
tion of the statute by the part performance."

In *Miller* v. *Ball* (64 N. Y. 286, 291) Judge EARL used
this language: "The principle upon which courts of equity
hold that part performance is sufficient is, that a party
who has permitted another to perform acts on the faith of
an agreement shall not be allowed to insist that the agree-
ment is invalid because it was not in writing, and that he
is entitled to treat those acts as if the agreement in com-
pliance with which they were performed had not been

made; in other words, upon the ground of fraud, in refusing to execute the parol agreement after a part performance thereof by the other party, and when he cannot be placed in the same situation that he was in before such part performance by him. Taking possession under a parol agreement, with the consent of the vendor, accompanied with other acts which cannot be recalled so as to place the party taking possession in the same situation that he was in before, has always been held to take such agreement out of the operation of the statute."

The question certified to us should be answered in the affirmative and the order affirmed, with costs.

WILLARD BARTLETT, Ch. J., WERNER, CHASE, HOGAN, MILLER and CARDOZO, JJ., concur.

Order affirmed.