Fred J. Munder, J.
This is an action to compel the specific performance of an alleged agreement by the plaintiff’s now deceased mother to convey to the plaintiff, by grant or devise, a 20-acre parcel of farm land lying south of Bergen Avenue in Mattituck, Town of Southold. This parcel, on which were located all the farm buildings, was owned exclusively by the deceased, and for many years was operated as one farm in conjunction with another 60-acre tract on the north side of Bergen Avenue which was owned by plaintiff, his brother, Raphael Eugene Lindsay, and their father, James Lindsay, as tenants in common until the latter’s death in 1954. The combined acreage was mortgaged jointly to the Federal Land Bank.
The action is based on the alleged oral assurance of James Lindsay and his wife in 1932 that they would give their share of the farm to their so.n William, the plaintiff herein, in consideration for his remaining on the farm and working it, and on an alleged reiteration of that promise in 1945 in consideration of the plaintiff’s assumption of all obligations and expense in connection with the maintenance and operation of the farm for the remainder of their lives. The father abided by his part of the alleged agreement, devising all of his interest in the real property to the plaintiff subject to a life estate in the plaintiff’s mother. The latter, however, who died in 1952, devised all of her interest to her husband for life and then in equal shares to her sons, William and Eugene, and her daughter-in-law Anna Lindsay, the same being the plaintiff and two of the defendants named in this action, respectively. Appointed executors of the will were William and Eugene.
The defendant Eugene Lindsay, called as a witness for the plaintiff, told of deciding to leave the farm in 1932 to take a job with the Town of Southold police. He then testified to conversations had with the parents, as a result of this decision, that substantiate the oral agreement alleged in the complaint. This testimony was introduced over the objection of defendant *1073 Anna Lindsay’s counsel on the ground that the witness was incompetent to testify as to personal transactions or communications had with the deceased, citing section 347 of the Civil Practice Act. However, where such a witness offers testimony against his own interest, or that of his successor, he is competent. (Carpenter v. Soule, 88 N. Y. 251; Matter of Kindberg, 207 N. Y. 220; Harrington v. Schiller, 231 N. Y. 278.) The witness, as an individual, by testifying in his brother’s behalf, was renouncing his own one-third interest in the devised premises. As an executor of the estate he had no interest in any of the real property (Barber v. Terry, 224 N. Y. 334) and hence, as such, was not incompetent to testify. He then testified to a subsequent conversation held with the mother in late 1945, or early 1946, in which she had said that in return for their leaving the place to William he was to take over the entire maintenance and operational expense of the residence and the farm. From this witness’ testimony it was further adduced that from 1932 until the parents’ death the plaintiff did in fact remain on the farm, adding many improvements to the litigated parcel such as clearing woodland, installing an irrigation system to serve the entire farm, erecting an implement shed, and improving the potato house at a cost of some $5,000. In addition it was shown that after 1945 the plaintiff undertook the payments for farm labor, maintenance, taxes and installments on the mortgage, all of which was corroborated by the introduction of documentary evidence and by the testimony of the plaintiff himself. None of the foregoing testimony was disputed.
The entire evidence was objected to on the additional ground that it was insufficient to remove the alleged parol agreement from the operation of the Statute of Frauds, which declares such a contract to be void unless it or some note or memorandum thereof is in writing (Personal Property Law, § 31; Real Property Law, § 259-a). It has long been the settled rule, however, that “ when a parol agreement for the conveyance of real estate, void by the Statute of Frauds, has been proved and part performance has been shown by acts of the party seeking relief, which could have been done with no other design than that of performance, if an action at law is not an adequate remedy, the agreement will be specifically enforced” (McKinley v. Hessen, 202 N. Y. 24, 30). Where expenditures have been made upon permanent improvements to the land, with the knowledge of the owner, upon the inducement of the owner’s promise to convey the land to the party making the expenditures, they constitute in equity a consideration for the promise (Freeman v. Freeman, 43 N. Y. 34; Young v. Overbaugh, 145 N. Y. 158; Messiah Home for Children v. Rogers, 212 N. Y. 315).
*1074 I think the evidence here supports the promise claimed, and establishes a substantial performance by the plaintiff, that evinces an acceptance of and a reliance on the promise, and is more than sufficient to constitute a good consideration in equity. (See Young v. Overbaugh, supra.) The plaintiff is, therefore, entitled to an enforcement of the parol agreement to convey the land.
A judgment may be entered directing the execution and delivery of a deed to the property by William, Eugene and Anna Lindsay to William Lindsay, the plaintiff herein, individually.
The motions upon which decision was reserved on the trial are resolved in accordance herewith, and the second and alternate cause of action for an accounting is consequently dismissed.
The above shall constitute the decision of this court pursuant to section 440 of the Civil Practice Act. Submit judgment accordingly.