GEORGE L. YOUNG *vs.* ALEXANDER T. WALKER & another.

Suffolk.   March 28, 29, 1916. — June 21, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Limitations, Statute of.   Trust.   Equity Jurisdiction.*

A suit in equity by one, who, under an agreement in writing with the owner of certain land providing for its purchase and for payment therefor in instalments, had entered upon the land and had made extensive improvements, against the owner and one who, with full knowledge of the agreement and of expenditures made by the plaintiff toward the purchase price and for improvements, had purchased the land from the owner and had dispossessed the plaintiff, is barred by the statute of limitations if it is not brought until more than six years have passed from the date when the plaintiff received a notice in writing of the sale by the owner in repudiation of his agreement.

In the same suit it appeared that the suit was not brought until six years had passed from the time when the plaintiff was dispossessed and also from the date when a modification of the contract between the plaintiff and the owner of the land provided that the purchase by the plaintiff should be completed and the land conveyed to him, and it was *held,* that the statute of limitations had run, whichever date was considered in computation.

BILL IN EQUITY, filed in the Superior Court on December 2, 1914, and afterwards amended, against Alexander T. Walker and Marcia G. Greenough, alleging in substance that on September 1, 1902, the plaintiff and the defendant Greenough made a contract, a memorandum of which stated that she did "sell to" the plaintiff the real estate known as "Ashley Hall" or the "Whittemore Property" and certain personal property therein, the plaintiff to pay to her $450 monthly and $6,500 in cash at the expiration of three years and to have a clear title, the plaintiff agreeing that, in case he failed to pay the $6,500, he would turn over to her the estate

with all improvements he had made thereon; that he entered into possession of the property and with the knowledge of the defendant Greenough expended at least $5,000 in permanent improvements; that he made all the monthly payments required by the contract, amounting to $1,350; that, owing to an outstanding mortgage upon the premises, the time for the final payment of $6,500 was extended to April, 1908; that, with knowledge of the agreement and of the expenditure by the plaintiff in improvements upon the estate, the defendant Walker induced the defendant Greenough to convey the property to him in fraud of the plaintiff; that on May 7, 1907, the plaintiff was notified in writing by real estate brokers acting for the defendant Walker that the sale and conveyance had been made to the defendant Walker and was directed to quit the premises, and that shortly thereafter the defendant Walker dispossessed the plaintiff and took possession of the premises.

Both defendants demurred to the bill on the ground that the plaintiff was barred from relief by the statute of limitations and by laches.

The demurrer was sustained by *McLaughlin, J.,* and a final decree was entered dismissing the bill. The plaintiff appealed.

*E. I. Smith,* for the plaintiff.

*W. D. Gray,* for the defendant Greenough.

*H. M. Hutchings,* for the defendant Walker, submitted a brief.

PIERCE, J. Upon the allegations in the bill, admitted to be true by the demurrer, the defendant Walker had full knowledge of the terms of the agreement dated September 1, 1902, at the time he took title to the premises and dispossessed the plaintiff. He then knew that the plaintiff had paid $1,350 in partial performance of the terms of the agreement; that the plaintiff had expended not less than $5,000 in the improvement and preservation of the property, and that the time for the payment of the balance of the price to be paid and for the delivery of the deed had been extended by agreement for one year following April, 1907.

These facts and other facts set out in the bill establish that Walker took title to the land with knowledge of the plaintiff's equitable interest therein. It follows, that the plaintiff's right to relief in equity is the same against Walker as it would be from his grantor if the conveyance had not been made. *Clark* v. *Flint,* 22 Pick.

231, 239. *Murphy* v. *Marland,* 8 Cush. 575, 579. *Connihan* v. *Thompson,* 111 Mass. 270.

There was an implied trust created in favor of the plaintiff when he was allowed to enter upon the land and to make improvements thereon, to the extent, at least, that the price had been paid or tendered. *Felch* v. *Hooper,* 119 Mass. 52. *Merrill* v. *Beckwith,* 163 Mass. 503. See *Rayner* v. *Preston,* 18 Ch. D. 1; *Rose* v. *Watson,* 10 H. L. Cas. 672; *In re Stucley,* [1906] 1 Ch. 67.

On May 7, 1907, before Walker took possession of the property, the defendant Greenough notified the plaintiff that she had sold the premises to Walker and that Walker would take possession at once. This act was a distinct repudiation of her agreement, and there is nothing to indicate that thereafter she changed her position or that she was able to convey the property on the day to which, by the oral agreement, the time for the passing of title had been extended.

It is admitted by the plaintiff, that all rights at law or in equity arising from the breach of contract to convey or from the conversion of the personal property, are barred by the statute of limitations. *Farnam* v. *Brooks,* 9 Pick. 212. *Wells* v. *Child,* 12 Allen, 333. *Bremer* v. *Williams,* 210 Mass. 256. The plaintiff, however, contends that the suit is not founded upon right arising out of a breach of contract, but upon his equitable right to a performance of the contract. He asserts that his equitable interest is in equity analogous to the title of a legal mortgagor, and that his rights as such can be barred only by adverse possession of twenty years. This is in effect a claim to a vendee's lien, which is not recognized in this Commonwealth. *Ahrend* v. *Odiorne,* 118 Mass. 261.

It is no longer doubted that an open disavowal and express repudiation of an express or implied trust calls the *cestui que trust* to defend his equitable right if he would not have it barred by the statute of limitations. *Currier* v. *Studley,* 159 Mass. 17, 20. *Ryder* v. *Loomis,* 161 Mass. 161. *Lufkin* v. *Jakeman,* 188 Mass. 528. *Thompson* v. *Thompson,* 1 Jones Eq. 430. *Hovenden* v. *Lord Annesley,* 2 Sch. & Lef. 607, 633. *Edwards* v. *University,* 1 Dev. & Bat. Eq. 325.

In the case at bar the statute of limitations had run whether counted from the day of the letter of repudiation, from the entry of Walker, or from April, 1908.

*Decree affirmed.*