JOHN H. WOOLLEY, Individually and as Executor of and Trustee under the Will of EDWARD A. WOOLLEY, Deceased, et al., Respondents, v. SARAH E. STEWART, Individually and as Executrix of and Trustee under the Will of EDWARD A. WOOLLEY, Deceased, and as Administratrix of the Estate of HORATIO S. STEWART, Deceased, et al., Appellants, Impleaded with Another.

Specific performance — alleged conveyance of real property by plaintiff's decedent to defendant's testator and ancestor upon oral agreement by latter to hold title in trust and convey it to plaintiff's decedent or to a person designated by him — when such agreement cannot be enforced in action in equity — when claim is barred by the Statute of Limitations.

1. An act which admits of explanation without reference to an alleged oral contract or a contract of the same general nature and purpose is not, in general, admitted to constitute a part performance so as to authorize a court of equity to enforce specific performance.

2. Plaintiff's decedent in 1878 conveyed certain real estate to one Stewart, whose trustee is a party defendant, upon the oral agreement that Stewart should hold the title to it in trust to convey it to such decedent on demand, or to any person or persons designated by him. The legal representatives of the decedent are seeking to enforce, through this action, the performance of the agreement on the part of the legal representatives of Stewart. *Held*, that the acts of the parties in respect to the real estate do not authorize a court of equity to disregard the imperative provision of the statute (Real Prop. Law, § 242; Cons. Laws, ch. 50) that, save as therein excepted, an oral agreement to convey real property is not enforcible.

3. That the acts of defendant's decedent constituted a positive and open renunciation and repudiation of the agreement more than ten years before the commencement of this action which is consequently barred by the Statute of Limitations (Code Civ. Pro. § 388).

*Woolley* v. *Stewart*, 169 App. Div. 678, reversed.

(Argued December 13, 1917; decided January 22, 1918.)

APPEAL from a judgment, entered October 22, 1915, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term, and directing judgment in favor of plaintiffs.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Hill Morgan* and *William A. Lockwood* for appellants. There was no evidence of the part performance of a contract properly admitted upon which to base the finding of an alleged oral agreement. (Code Civ. Pro. § 1317; *Lamport* v. *Smedley*, 213 N. Y. 82; *Acme Realty Co.* v. *Schinasi*, 215 N. Y. 495; *McKinley* v. *Hessen*, 202 N. Y. 24; Pomeroy on Contracts, §§ 105, 107, 108.) After Mrs. Woolley had testified to her conception of the oral agreement, she then testified to statements made to her by her father-in-law and alleged admissions of Stewart. These may not be considered acts of part per-

formance of a contract on the part of the grantor. (*Thomas v. Scutt,* 127 N. Y. 133.) Their action is barred by reason of the ten-year Statute of Limitations having run after the accrual of the cause of action. (Code Civ. Pro. § 388; *Peters* v. *Delaplaine,* 49 N. Y. 362; *Bruce* v. *Tilson,* 25 N. Y. 194; *McCotter* v. *Lawrence,* 4 Hun, 107; *Ford* v. *Clendenin,* 215 N. Y. 10.)

*Andrew F. Van Thun, Jr.,* and *Samuel E. Faron* for respondents. Equity will enforce an oral express trust affecting real property, notwithstanding the Statute of Frauds, where, by reason of part performance and the circumstances of the case, it would result in injustice or countenance fraud not to do so. Equity, also, will enforce a trust arising or resulting by implication of law, notwithstanding the Statute of Frauds, under like circumstances. (*Wood* v. *Rabe,* 96 N. Y. 414; *Ryan* v. *Dox,* 34 N. Y. 307; *Goldsmith* v. *Goldsmith,* 145 N. Y. 313; *Canda* v. *Totten,* 157 N. Y. 281; *Gallagher* v. *Gallagher,* 135 App. Div. 457; 202 N. Y. 572; *Ahrens* v. *Jones,* 169 N. Y. 555; *Casey* v. *Casey,* 161 App. Div. 427; *Messiah Home, etc.,* v. *Rogers,* 212 N. Y. 315; *Moyer* v. *Moyer,* 21 Hun, 67; *McKinley* v. *Hessen,* 202 N. Y. 24.) Parol evidence is admissible to prove a trust in opposition to a deed absolute in form, provided such evidence clearly defines the trust. (*Harrison* v. *McMennomy,* 2 Edw. Ch. 251; *Boyd* v. *McLean,* 1 Johns. Ch. 582; *Lese* v. *Lamprecht,* 196 N. Y. 32; *Baird* v. *Baird,* 145 N. Y. 659; *Juilliard* v. *Chaffee,* 92 N. Y. 529; *Schmittler* v. *Simon,* 114 N. Y. 176; Chase's Stephen's Dig. Ev. [2d ed.] 221.) The plaintiffs' cause of action is not barred by the Statute of Limitations. Horatio S. Stewart by his acceptance of the trust created by the will of Edward A. Woolley, and which involved the real property in question, estopped himself from denying or disavowing his acts done in the capacity of trustee, and bound

himself to its execution. Before he could claim the benefit of the statute he must have " openly, to the knowledge of the beneficiary, renounced, disclaimed or repudiated the trust." No presumption in his favor, in that respect, can be indulged in. (*Matter of Wadsworth*, 2 Barb. Ch. 381; *Easterly* v. *Barber*, 65 N. Y. 252; *Drovers Deposit Nat. Bank* v. *Newgass*, 161 App. Div. 769; *Lammer* v. *Stoddard*, 103 N. Y. 672; *Mabie* v. *Bailey*, 95 N. Y. 206; *Hutton* v. *Smith*, 74 App. Div. 284; *Kane* v. *Lockwood*, 7 Johns. Ch. 90; *Matter of Meyer*, 98 App. Div. 7.)

COLLIN, J. The action is to compel the specific performance of an oral agreement on the part of Horatio S. Stewart to convey real estate to Edward A. Woolley. The Special Term decided that the complaint should be dismissed upon the merits. The Appellate Division reversed certain of the findings of fact and conclusions of law made by the Special Term, and the consequent judgment, made certain new findings of fact and conclusions of law, and adjudged that the oral agreement be performed and an accounting to the plaintiffs of the rents and profits of the real estate be had.

The complaint avers, and the Appellate Division found as a fact, that on February 16, 1878, Edward A. Woolley conveyed the real estate to Horatio S. Stewart upon the oral agreement that Stewart should hold the title to it in trust to convey it on demand of Woolley to himself or to any person or persons designated by him. The legal representatives of Woolley, who died in 1899, are seeking to enforce, through this action, the performance of the agreement on the part of the legal representatives of Stewart, who died in 1908.

An oral agreement to convey an estate or interest in real property, other than a lease for a term not exceeding one year, is nugatory and unenforcible. (Real Property Law [Cons. Laws, ch. 50], § 242.) A party to the agree-

ment may legally and rightfully refuse to recognize or perform it. The breach of a void agreement is not a fraud or a wrong in law. (*Levy* v. *Brush*, 45 N. Y. 589.) He may, however, withdraw himself from the policy and defense of the statute, or waive its protection, by inducing or permitting without remonstrance another party to the agreement to do acts, pursuant to and in reliance upon the agreement, to such an extent and so substantial in quality as to irremediably alter his situation and make the interposition of the statute against performance a fraud. In such a case a court of equity acts upon the principle that not to give effect to those acts would be to allow the party permitting them to use the statute as an instrument defending deception and injustice. The acts must, however, be so clear, certain and definite in their object and design as to refer to a complete and perfect agreement of which they are a part execution — must be unequivocal in their character and must have reference to the carrying out of the agreement. An act which admits of explanation without reference to the alleged oral contract or a contract of the same general nature and purpose is not, in general, admitted to constitute a part performance. (*McKinley* v. *Hessen*, 202 N. Y. 24; *Wheeler* v. *Reynolds*, 66 N. Y. 227; *Canda* v. *Totten*, 157 N. Y. 281.) Because the acts in part performance are essential to the relevancy and enforcibility of the oral agreement, it has been held that the agreement cannot be proven until the acts which constitute the part performance of some contract to reconvey have been proven. (*Van Epps* v. *Redfield*, 69 Conn. 104; Pomeroy on Contracts [2d ed.], §§ 107, 108.)

In the instant case, Edward A. Woolley and his wife conveyed on February 16, 1878, to Horatio S. Stewart, by a full covenant and warranty deed reciting a consideration of five thousand dollars and other considerations and subject to a mortgage of ten thousand dollars

and all taxes and assessments, the real estate involved here. Stewart assumed the payment of the mortgage and taxes. The subsequent acts of Woolley in relation to the real estate were testified to by Ellen Woolley, the wife of George E. Woolley, a son of the grantors, as a witness in behalf of the plaintiffs. She testified that at a time, not fixed, subsequent to February 16, 1878, Stewart stated to her that Edward A. " paid the debts on " the real estate and said he, Woolley, did not get enough out of it. She was asked and answered as follows: " Q. Do you know whether or not he (Stewart) paid those rents (of this real estate), as he collected them, over to Edward A. Woolley? A. Yes, sir. * * * Q. Do you know who paid the taxes on the property on Raymond Street and Fulton Avenue? A. Yes, sir. Q. Who? A. Edward A. Woolley. * * * Q. Were you at all conversant with your father-in-law's business? A. Only what he told me in my house. Q. I assume that your father-in-law, Edward A. Woolley, was the one told you he paid the taxes on this property. A. So he told me. Q. Likewise about collecting the rents and Mr. Stewart paying them over to him? A. Yes, sir." The record does not contain other evidence in regard to the acts of Edward A. We disregard the testimony stating the self-serving declarations of Edward A., because it was plainly incompetent, and in determining whether or not there was any evidence to sustain a finding of fact we may consider only that which is competent and probative. Giving this evidence its broadest meaning and effect, it states that Edward A. paid, March 1, 1880, the mortgage of ten thousand dollars, paid the taxes and assessments, received such rents as Stewart paid him and complained to Stewart that he did not receive enough.

Those acts do not authorize a court of equity to disregard the imperative provisions of the statute and compel the performance of the alleged oral agreement.

They do not create necessarily, or naturally and reasonably, the conclusion that Edward A. had the right or believed he had the right to acquire again the title to and possession of the property. They do not establish an unjust and unconscientious loss and injury to him in case he did not have a re-conveyance. They do not tend to prove that Edward A. had at any time after February 16, 1878, the possession of or the right to possess the property; that he controlled, managed or claimed or exercised authority or proprietorship in regard to it; that he paid for any repairs or improvements or expended any money because of it or collected anything on account of it or that he claimed or owned any interest or estate in it. The person of ordinary intelligence upon being informed of the contents of the deed, the absolute possession and dominion of Stewart and those acts of Edward A. might think that under an agreement subsequent to the deed Edward A. released Stewart from his assumption of the mortgage and taxes and, in return, received the net rents. He would not conclude that Edward A. was the owner and Stewart the mere holder of the naked legal title at the will of Edward A. (*Van Epps* v. *Redfield*, 69 Conn. 104; *Cooley* v. *Lobdell*, 153 N. Y. 596; *Messiah Home for Children* v. *Rogers*, 212 N. Y. 315; *McKinley* v. *Hessen*, 202 N. Y. 24; *Freeman* v. *Freeman*, 43 N. Y. 34.) The finding of the Appellate Division that the conveyance to Stewart was pursuant to the alleged oral agreement is immaterial; and the conclusion of law that the acts of Woolley were in performance and sufficient to permit the evidence of the oral agreement is unsupported by the findings and erroneous as a matter of law.

The judgment of the Special Term is upheld, also, by the conclusion that this action is barred by the Statute of Limitations. We will assume for the purpose of the decision, and without considering or deciding the correct-

ness of the proposition, that under the will of Edward A. Woolley, which was probated October 12, 1899, and the letters testamentary under it, which were issued to Stewart and others as the duly appointed executors and trustees, Stewart accepted the office of trustee of an express trust of which the real estate here involved was the corpus or subject. The record does not warrant a proposition more favorable to the plaintiffs. The findings disclose that from the death of Edward A. on June 15, 1899, Stewart appropriated to his personal use the rents of the real estate, and that in an action in the Supreme Court, instituted by George E. Woolley on February 6, 1900, against the executors and trustees under the will of Edward A. and Stewart to compel the cancellation of the deed to Stewart of February 16, 1878, on the ground that its sole purpose was to allow Stewart to hold the title to the real estate while Edward A. retained his estate in fee, the complaint alleged that Stewart claimed an estate in fee in the real estate, and the answer of Stewart alleged that the deed was for a valuable consideration and was intended to and did convey to him the entire title and estate, both legal and equitable, to and in the real estate. Those acts, which remained in force, constituted a positive and open renunciation and repudiation by Stewart of the trust, in so far as it related to the real estate, which matured the cause of action here and set the Statute of Limitations running against it. (*Spallholz* v. *Sheldon*, 216 N. Y. 205; *Young* v. *Walker*, 224 Mass. 491; *Patterson* v. *Hewitt*, 195 U. S. 309; *Bruner* v. *Finley*, 187 Penn. St. 389, 405.) The statute applicable is section 388 of the Code of Civil Procedure: "An action, the limitation of which is not specially prescribed in this or the last title, must be commenced within ten years after the cause of action accrues." (*Ford* v. *Clendenin*, 215 N. Y. 10; *Peters* v. *Delaplaine*, 49 N. Y. 362; *Cooley* v. *Lobdell*,

153 N. Y. 596; *Gilmore* v. *Ham*, 142 N. Y. 1.) This action was commenced November 9, 1912. Horatio S. Stewart died July 11, 1908, and through the eighteen months thereafter the statute did not run. (Code of Civil Procedure, § 403.) The cause of action at bar accrued not later than February 26, 1900. Manifestly, the Statute of Limitations was a complete defense.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs to appellants in the Appellate Division and this court.

HISCOCK, Ch. J., CHASE, HOGAN, CRANE and ANDREWS, JJ., concur; CARDOZO, J., concurs on last ground stated in opinion.

Judgment reversed, etc.