JAMES A. BURNS et al., Respondents, v. JOHN McCORMICK, Individually and as Executor of JAMES A. HALSEY, Deceased, et al., Appellants.

Real property — invalid oral agreement to convey land — verbal promise by decedent that, if plaintiffs gave up their business and came to his house and boarded and cared for him during his life, he would give them his house and furniture — when partial performance by plaintiffs insufficient to sustain action to enforce agreement, there being neither deed nor will, nor memorandum subscribed by decedent.

1. Not every act of part performance will move a court of equity, though legal remedies are inadequate, to enforce an oral agreement affecting rights in land. There must be performance unequivocally referable to the agreement, performance, which alone and without the aid of words of promise, is unintelligible or at least extraordinary unless as an incident of ownership, assured, if not existing. An act which admits of explanation without reference to the alleged oral contract or a contract of the same general nature and purpose is not, in general, admitted to constitute part performance.

2. Where decedent, an old man without family or household, told plaintiffs, as they claim, that if they gave up their home and business and boarded and cared for him during his life, his house and lot with furniture and equipment would be theirs upon his death; and they did as he asked, selling out their business, and boarded and cared for him until his death about five months after their coming to his house; but neither deed nor will, nor memorandum subscribed by the promisor, exists to authenticate the promise, the plaintiffs cannot maintain an action against the executors of decedent's will for the specific performance of the alleged contract, when the Statute of Frauds (Real Property Law [Cons. Laws, ch. 50], § 259) is interposed as a defense, upon the ground that, relying upon his promise, they had performed their part of the contract. The acts of part performance are not solely and unequivocally referable to a contract for the sale of land. Since that is so, they do not become sufficient because part of the plaintiff's loss is without a remedy at law.

Burns v. McCormick, 194 App. Div. 979, reversed.

(Argued March 8, 1922; decided April 18, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department,

entered December 14, 1920, affirming a judgment in favor of plaintiffs entered upon the report of a referee.

*John Griffin* for appellants. The performance of services or any other act which have a money value ascertainable with reasonable exactness is not sufficient ground for the enforcement in equity of any oral contract for the conveyance of an interest in lands, in the face of the Statute of Frauds. (*Ludwig* v. *Baurgarten,* 48 App. Div. 613; *Devenny* v. *Corry,* 23 N. Y. S. R. 308; 127 N. Y. 655; *Russell* v. *Briggs,* 165 N. Y. 500; *Eberdell* v. *Hill,* 58 App. Div. 151; *Hunt* v. *Hunt,* 55 App. Div. 430; *Campbell* v. *Campbell,* 65 Barb. 639; *Pooley* v. *Lobdell,* 153 N. Y. 596; *Ogsbury* v. *Ogsbury,* 115 N. Y. 290; *Wheeler* v. *Reynolds,* 66 N. Y. 227; *Hining* v. *Miller,* 68 Hun, 588; *Mathews* v. *Mathews,* 133 N. Y. 679; *Liske* v. *Sherman,* 25 Barb. 433.) The acts done by the plaintiffs did not take the case out of the Statute of Frauds. (*Everetts* v. *Hill,* 58 App. Div. 155; *Harris* v. *Knickerbocker,* 5 Wend. 632; Pomeroy on Spec. Perf. § 100; Story's Eq. Juris. § 762; *Wheeler* v. *Reynolds,* 66 N. Y. 227; *Robinson* v. *Reynor,* 28 N. Y. 494; *Campbell* v. *Campbell,* 65 Barb. 639.)

*Fred A. Robbins* and *Harry K. Brown* for respondents. The Statute of Frauds does not prevent a recovery in this case. (*Malins* v. *Brown,* 4 N. Y. 403; *Freeman* v. *Freeman,* 43 N. Y. 34; *Smith* v. *Smith,* 51 Hun, 164; *Miller* v. *Ball,* 84 N. Y. 286; *Healy* v. *Healy,* 55 App. Div. 315; 166 N. Y. 524; *Kenyon* v. *Youlan,* 53 Hun, 591; *Lasher* v. *McDermott,* 144 App. Div. 843; *Best* v. *Gralapp,* 69 Neb. 811; *McCabe* v. *Healy,* 138 Cal. 81; *Sears* v. *Redick,* 211 Fed. Rep. 856.)

CARDOZO, J. In June, 1918, one James A. Halsey, an old man and a widower, was living, without family, or housekeeper, in his house in Hornell, New York. He

told the plaintiffs, so it is said, that if they gave up their home and business in .Andover, New York, and boarded and cared for .him during his life, the house and lot with its furniture and equipment would be theirs upon his death. They did as he asked, selling out an interest in a little draying business in Andover, and boarding and tending him till he died, about five months after their coming. Neither deed nor will, nor memorandum subscribed by the promisor, exists to authenticate the promise. The plaintiffs ask specific performance. The defense is the Statute of Frauds (Real Property Law, sec. 259; Consol. Laws, ch. 50).

We think the defense must be upheld. Not every act of part performance .will move a court of equity, though legal remedies are inadequate, to enforce an oral agreement affecting rights in land. There must be performance " unequivocally referable " to the agreement, performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership, assured, if not existing. " An act which admits of explanation without reference to the alleged oral contract or a contract of the same general nature and purpose is not, in general, admitted to constitute a part performance " (*Woolley* v. *Stewart*, 222 N. Y. 347, 351). What is done must itself supply the key to what is promised. It is not enough that what is promised may give significance to what is done. The housekeeper who abandons other prospects of establishment in life and renders service without pay upon the oral promise of her employer to give her a life estate in land, must find her remedy in an action to recover the value of the service (*Maddison* v. *Alderson*, L. R. 8 App. Cases, 467, 475, 476). Her conduct, separated from the promise, is not significant of ownership either present or prospective (*Maddison* v. *Alderson*, *supra*, at pp. 478, 481). On the other hand, the buyer who not only pays the price, but possesses and improves his acre, may have

relief in equity without producing a conveyance (*Canda v. Totten,* 157 N. Y. 281; *McKinley* v. *Hessen,* 202 N. Y. 24). His conduct is itself the symptom of a promise that a conveyance will be made. Laxer tests may prevail in other jurisdictions. We have been consistent here (*Woolley* v. *Stewart, supra; Wheeler* v. *Reynolds,* 66 N. Y. 227, 231, 232; *McKinley* v. *Hessen, supra,* p. 30; cf. *Van Epps* v. *Redfield,* 69 Conn. 104; *Ellis* v. *Cary,* 74 Wis. 176).

Promise and performance fail when these standards are applied. The plaintiffs make no pretense that during the lifetime of Mr. Halsey they occupied the land as owners or under claim of present right. They did not even have possession (*Cooley* v. *Lobdell,* 153 N. Y. 596, 601, 602). The possession was his; and those whom he invited to live with him were merely his servants or his guests (Pollock & Wright on Possession, pp. 56, 58; Holmes Common Law, p. 226; *Kerslake* v. *Cummings,* 180 Mass. 65, 67; *Mygatt* v. *Coe,* 142 N. Y. 78, 85). He might have shown them the door, and the law would not have helped them to return. Whatever rights they had, were executory and future. The tokens of their title are not, then, to be discovered in acts of possession or dominion. The tokens must be found elsewhere if discoverable at all. The plaintiffs did, indeed, while occupants of the dwelling, pay the food bills for the owner as well as for themselves, and do the work of housekeepers. One who heard of such service might infer that it would be rewarded in some way. There could be no reasonable inference that it would be rewarded at some indefinite time thereafter by a conveyance of the land (*Woolley* v. *Stewart, supra,* at p. 353). The board might be given in return for lodging. The outlay might be merely an advance to be repaid in whole or part. " Time and care " might have been bestowed " from a vague anticipation that the affection and gratitude so created would, in the long run, ensure some

indefinite reward" (*Maddison* v. *Alderson, supra,* at p. 486). This was the more likely since there were ties of kinship between one of the plaintiffs and the owner. Even if there was to be a reward, not merely as of favor, but as of right, no one could infer, from knowledge of the.service without more, what its nature or extent would be. Mr. Halsey paid the taxes. He paid also for the upkeep of the land and building. At least, there is no suggestion that the plaintiffs had undertaken to relieve him of those burdens. He was the owner while he lived. Nothing that he had accepted from the plaintiffs evinces an agreement that they were to be the owners when he died.

We hold, then, that the acts of part performance are not solely and unequivocally referable to a contract for the sale of land. Since that is so, they do not become sufficient because part of the plaintiffs' loss is without a remedy at law. At law, the value of board and services will not be difficult of proof. The loss of the draying business in Andover does not permit us to disregard the statute, though it may go without requital. We do not ignore decisions to the contrary in other jurisdictions (*Sears* v. *Redick,* 211 Fed. Rep. 856; *Aldrich* v. *Aldrich,* 287 Ill. 213; *Best* v. *Gralapp,* 69 Neb. 811; *Schutt* v. *Missionary Society,* 41 N. J. Eq. 115; cf. 1 Williston on Contracts, sec. 494). They are not law for us. Inadequacy of legal remedies, without more, does not dispense with the requirement that acts, and not words, shall supply the framework of the promise. That requirement has its origin in something more than an arbitrary preference of one form over others. It is " intended to prevent a recurrence of the mischief " which the statute would suppress (*Maddison* v. *Alderson, supra,* at p. 478). The peril of perjury and error is latent in the spoken promise. Such, at least, is the warning of the statute, the estimate of policy that finds expression in its mandate. Equity, in assuming what is in substance a dispensing power, does

not treat the statute as irrelevant, nor ignore the warning altogether. It declines to act on words, though the legal remedy is imperfect, unless the words are confirmed and illuminated by deeds. A power of dispensation, departing from the letter in supposed adherence to the spirit, involves an assumption of jurisdiction easily abused, and justified only within the limits imposed by history and precedent. The power is not exercised unless the policy of the law is saved (Pound, Equity and the Statute of Frauds, 33 Harvard Law Review, 933, 944).

In conclusion, we observe that this is not a case of fraud. No confidential relation has been abused (*Goldsmith* v. *Goldsmith*, 145 N. Y. 313; *Wood* v. *Rabe*, 96 N. Y. 414). No inducement has been offered with the preconceived intention that it would later be ignored (*Maddison* v. *Alderson, supra,* at p. 490; *Wheeler* v. *Reynolds, supra,* at p. 234). The most that can be said against Mr. Halsey is that he made a promise which the law did not compel him to keep, and that afterwards he failed to keep it (*Woolley* v. *Stewart, supra,* at p. 351; *Wheeler* v. *Reynolds, supra*). We cannot even say of his failure that it was willful. He had made a will before the promise. Negligence or mere inertia may have postponed the making of another. The plaintiffs left the preservation of their agreement, if they had one, to the fallible memory of witnesses. The law exacts a writing.

The judgment of the Appellate Division and that entered on the report of the referee should be reversed, and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.