MARY HALLENBECK, Plaintiff, *v.* HENRIETTA GRIFFITH and Others, Defendants.

Supreme Court, Rensselaer County, May, 1930.

*Thomas F. McDermott,* for the plaintiff.

*George H. Witbeck,* for the defendant Henrietta Griffith.

*Arthur B. Lamphier,* for the defendants Anna J. Wiltse, Lillian J. Wiltse, Harry Wiltse and Willard Wiltse.

STALEY, J. Philip Ham and Mary Ham, his wife, were the owners of a piece of real property in East Greenbush as tenants by the entirety, prior to March 8, 1919. On that date Philip Ham

died leaving him surviving his widow and two daughters. After the death of Philip Ham, Mary Ham, who was in failing health, lived with her daughters. Part of the time she lived with the daughter Mary Hallenbeck, the plaintiff, and part of the time resided with the other daughter, Henrietta Griffith, one of the defendants. This state of affairs continued until 1923. The rent for the East Greenbush property would be used by the daughter having the care of the mother.

In 1923 Henrietta Griffith resided with her husband and two children at Poultney, Vt. The mortgage on their house at Poultney was foreclosed and the Griffith family came to East Greenbush, intending to take up their residence in Troy.

At this time, Mary Ham was suffering from a disease which necessitated continual care and observation, as her bodily ills were serious, and her mental powers slowly disintegrating. At this time the East Greenbush property was rented. At the suggestion of the daughter, Mary Hallenbeck, who lived in East Greenbush, the Griffiths, instead of going to Troy, made their residence in the East Greenbush property of Mary Ham, taking over her care and maintenance. This occurred about a month after the Griffiths came to East Greenbush from Poultney. In the meantime they stayed with the Hallenbecks, waiting for the tenants in the East Greenbush property to remove.

Thereafter, until the death of Mary Ham in 1928, the Griffiths resided in the East Greenbush property, and Henrietta Griffith took care of her mother.

Besides taking care of the mother, the Griffiths paid the taxes on the East Greenbush property, made various repairs and some improvements consisting of a new furnace and installing a pump in the cellar, and paid the mother's funeral expenses on her death.

In 1914 the Hallenbecks moved from East Greenbush to Long Island.

The East Greenbush property was owned solely by Mary Ham during her lifetime and after the death of her husband. She died intestate, and in the ordinary course the property descended to her daughters, Mary Hallenbeck and Henrietta Griffith.

Henrietta Griffith now claims that the facts above outlined and an oral agreement with her sister indicate that she should have her sister's share in the East Greenbush property. There is no writing to this effect, as required by the Statute of Frauds (Real Prop. Law, § 259). Henrietta Griffith seeks, however, to establish an oral promise by her sister that she should have the house for taking care of the mother. Such a promise may be established in spite of the statute, where the acts of performance pursuant to the promise point

unmistakably to the existence of the promise. (*Burns* v. *McCormick*, 233 N. Y. 230.)

Performance must " point unmistakably to the contract; " " it must supply the key to what is promised; " it must be " unequivocally referable to the agreement." Thus, the method of approach in such a case is first to look to the facts constituting performance; and, if such facts are unusual, unintelligible and extraordinary, unless accounted for by a contract such as is sought to be established, then the oral promise may be shown, if it exists; otherwise, it may not be, and the statute applies.

Briefly, I have reviewed above the material facts of performance. The situation is certainly far from being unusual, unintelligible or extraordinary. It is not unusual for a daughter to care for her mother, to live in the mother's house rent free, to pay the taxes, and make repairs under such circumstances as appear here, or even to make improvements necessary to make the premises more comfortable, such as putting in a pump and a furnace, where the tenancy may be one of long duration.

Nor is it extraordinary that the daughter should pay the funeral expenses of the mother. Possibly, these facts might be more significant and have greater weight if Henrietta Griffith were a stranger, without obligations to Mary Ham, but under the circumstances disclosed in this case the statute must be upheld.

On the trial of this action which was brought by Mary Hallenbeck to partition the East Greenbush property, the evidence was chiefly directed to the issue arising on the claim of the defendant Henrietta Griffith that she was the owner of the property by reason of an alleged agreement with her sister, the plaintiff, that she should have the property for the care of the mother.

A jury was impanelled and two questions were submitted to them. The first question related to the existence of the agreement, and the second to performance.

The jury found that the alleged oral agreement was made and that it was performed.

While I do not disagree with the jury on these findings, I hold, however, on the whole case, that performance was not of such a character as to take the case out of the statute.

The plaintiff is, therefore, entitled to judgment of partition and sale.