In the Matter of the Estate of TIMOTHY MURPHY, Deceased.

Surrogate's Court, Queens County, February 6, 1933.

*Alfred L. Pitts*, for Frank A. Mahon, purchaser.

*John B. Doyle*, for Title Guarantee and Trust Company.

*Nicholas Lambadakis*, special guardian.

*Walter J. Sharkey*, for public administrator, petitioner.

HETHERINGTON, S. Decedent died intestate on September 14, 1931, seized of an improved parcel of realty. Letters of administration were issued on September 23, 1931, to the public administrator, who in this proceeding, instituted under section 227 of the Surrogate's Court Act, seeks a decree authorizing and empowering him to deliver a deed of decedent's realty pursuant to a contract

alleged to have been made by him in his lifetime with one Frank A. Mahon. The alleged contract is a writing dated March 25, 1929, and while conceded to be in the handwriting of the decedent, is not signed by him. It recites the receipt from Frank A. Mahon of $1,500, which the proof discloses was actually only $500, " as part of the purchase price of premises 72–29 Kessel Street, Forest Hills, the remainder $8,900.00 to be carried as follows: $3,750.00 on first mortgage." Although there are several minor discrepancies with respect to the manner of paying the balance, it is reasonably definite that the balance of the purchase price was to be payable in stipulated installments and secured by a second mortgage maturing on April 1, 1932. The purchaser was obligated to pay all taxes, assessments and water rates levied on and after April 1, 1929. It is fairly inferable that the purchaser was to assume all the burdens of ownership from and after April 1, 1929. The writing contains all the necessary and essential elements of a contract, and had it been signed by the decedent, there would be very little question as to its validity and enforcibility. The special guardian for the infant distributee contends that because the writing was not subscribed by the decedent, it is unenforcible and invalid under the Statute of Frauds (Real Prop. Law, § 259). The purchaser claims that certain acts of part performance on his part have made the written memorandum enforcible and taken it out of the operation of the statute. The guardian of the infant distributee's property claims that the alleged contract is beneficial to its ward, and has united with the purchaser in asking that the petition be granted. The only question, therefore, is whether or not the acts of part performance set out in the petition and established on the hearing are sufficient to overcome the provisions of the Statute of Frauds. In *Burns* v. *McCormick* (233 N. Y. 230, 232) the rule relative to part performance was there stated as follows: " Not every act of part performance will move a court of equity, though legal remedies are inadequate, to enforce an oral agreement affecting rights in land. There must be performance ' unequivocally referable ' to the agreement, performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership, assured, if not existing." This rule was approved and followed in *Neverman* v. *Neverman* (254 N. Y. 496, 500). Here it appears that the purchaser made the down payment, and subsequent payments of over $2,000, and in addition thereto paid interest charges on the first mortgage, taxes, assessments and water rates, fire insurance premiums and moneys for repairs and improvements to the property. There can be no question that the payments made and the acts performed by the purchaser were made pursuant

to the written memorandum. Although not alleged in the petition, the proof discloses that the purchaser went into possession. The acts done by him were not voluntary, but performed on the expectation that he either had or would acquire title by virtue of an agreement. The acts unequivocally referred to the agreement. No other explanation has been furnished or suggested for the purchaser having done what he did do. The acts performed would not have been done but for the contract. The application of the Statute of Frauds in this case would be unjust and inequitable. The objections of the special guardian are, therefore, overruled and the petition granted. Submit decree accordingly on notice.