HARRY ROSENZWEIG, Respondent, *v.* LEON SALKIND, Appellant.

First Department, December 17, 1957.

*Murray Koenig* of counsel (*Morton Greenspan* with him on the brief; *Murray Koenig,* attorney), for appellant.

*Morris C. Kimmel* for respondent.

FRANK, J.   The defendant appeals from a judgment awarded to the plaintiff after a nonjury trial. The action was predicated upon an oral agreement alleged to have been made on or about April 1, 1955, for the sale by the plaintiff to the defendant of 50 shares of common stock in a corporation in which both parties together with one Scheiner held equal stock interests.

Since it is conceded that the contract upon which the action was predicated is oral, and is for the sale of goods valued in excess of the sum of $50, it would, without more, be violative of the Statute of Frauds (Personal Property Law, § 85). The plaintiff, however, contends that the statute is not a bar because there was an acceptance of the goods within the meaning of the section, by conduct spelling out the assent of the buyer to become the owner of the specified goods (subd. 3).

We cannot, from the record, find justification for that conclusion.   Even though the conversation, which it is claimed established the contract, took place and a price was fixed for the securities, the evidence indicates that thereafter the defendant's lawyer prepared written agreements providing for the transfer of stock and, among other things, for an assignment to the defendant of an indebtedness due the plaintiff from Scheiner.   He also prepared a number of releases flowing to and from the parties hereto and the corporation and a third person, whose name appears as owner on the stock certificate, and who it is claimed was the plaintiff's nominee.   It thus appears from the exhibits offered by the plaintiff, that the transaction involved more than the bare sale of a stock interest. The papers were forwarded to the plaintiff's representative with a covering letter as follows:

"Enclosed herewith is draft of agreement, releases and assignments, in connection with the proposed settlement concerning the above.

"Will you please go over same, and if it is satisfactory, advise me, and I will have them executed, and arrange to meet with you within the next day or two for the purpose of concluding this matter."

These papers were never executed by the plaintiff, never returned to the defendant, and no further meetings were held to discuss the "draft of agreement" or the "proposed settlement" referred to in the letter.

The plaintiff urges that the conduct of the defendant in placing a lock on the premises occupied by the corporation, and the failure to send the plaintiff monthly statements were demonstrative of the conduct referred to in subdivision 3 of section 85 of the Personal Property Law, and established an acceptance of the goods sold, thereby making the oral agreement enforcible.

The plaintiff's contention that an oral contract was executed is belied by his proof. More than a month after the oral contract was allegedly made, he wrote the second of two letters to the defendant which urged, "I insist that you get in touch with Ted, sign the papers, and *let us close this transaction*" (emphasis supplied). In these letters there was no assertion that the contract had been made or that there was a breach. On the contrary, there was an insistent request that the transaction be concluded by the execution of the documents awaiting signature. Moreover, the plaintiff's efforts to sell the securities to others both before and after the date of the alleged oral agreement negatives his claim that title passed to the defendant.

We cannot hold that an enforcible contract pursuant to the statute was established by the credible evidence sufficient to support the judgment, and that the "conduct" relied upon was of such a character as to constitute an acceptance, sufficient to take the oral agreement out of the statute.

Where a written agreement is contemplated, a mere oral understanding is insufficient, in the absence of proof that the parties intended to be bound by it (*Schwartz* v. *Greenberg*, 304 N. Y. 250).

Even assuming the facts to be as found by the learned trial court, we must hold as a matter of law that the contract is unenforcible (Personal Property Law, § 85). Where reliance is placed upon the conduct of a purchaser as establishing his assent to become the owner of specified goods, the inference

to be drawn from the conduct must exclude every possible hypothesis that could reasonably be drawn by the trier of the facts, save that referable to the contract itself. (*Burns* v. *McCormick*, 233 N. Y. 230; *Woolley* v. *Stewart*, 222 N. Y. 347; *Maher* v. *Randolph*, 275 N. Y. 80; *Sleeth* v. *Sampson*, 237 N. Y. 69; *De Waal* v. *Jamison*, 176 App. Div. 756, affd. 226 N. Y. 644; *Young* v. *Ingalsbe*, 208 N. Y. 503; *Show of the Month* v. *Shubert Theatre Corp.*, 202 Misc. 379.)

The " conduct " relied upon by the plaintiff, at best, establishes an exercise of dominion by the defendant over the corporation. The corporate entity or control thereof, however, was not the subject of the contract of sale. The 50 shares of stock, evidenced by a certificate, which the plaintiff claims were purchased by the defendant, are property or goods separate and distinct from the corporation itself. It is not disputed that there never was a tender of the certificate, nor a delivery of it.

The record does not establish that the plaintiff was either an officer or a director of the corporation. When he acquired his stock, he agreed that Scheiner was to manage the business and in some respects, his identity with the corporation was minimized, if not concealed. He did not establish that he was entitled to participate in corporate affairs other than to vote at a stockholders' meeting, or that, except as a courtesy, he was privileged to uncontrolled access to the corporate office or its books and records. He was not entitled to monthly statements in the absence of corporate by-laws or a stockholders' agreement providing therefor. In sum, none of the acts or circumstances relied upon as conduct to establish acceptance as required by the statute are " unequivocally referable " to the contract (*Burns* v. *McCormick*, 233 N. Y. 230). The exercise of domination over corporate affairs can scarcely be translated into an acceptance of the stock as required by the statute. This is especially so where the stock interest is inadequate, as here, for corporate control. The conduct of the defendant is at least as consistent with that of majority interests in a closely held corporation " freezing out " a minority stockholder as it is for the inference sought to be drawn by the plaintiff.

We are, therefore, impelled to reverse the judgment on the facts and the law and the complaint should be dismissed.

PECK, P. J., BOTEIN, BERGAN and BASTOW, JJ., concur.

Judgment unanimously reversed upon the law and the facts, with costs to the appellant, and the complaint dismissed, with costs. Settle order.