■ JONESTOWN PLACE CORP., Respondent, v 153 WEST 33RD STREET CORP. et al., Appellants.—Order, Supreme Court, New York County, entered August 6, 1979, denying defendants' motion to dismiss the complaint under CPLR 3211 (subd [a], par 5), on the ground of the Statute of Frauds, is reversed, on the law, without costs, and the motion to dismiss the complaint is granted, and the complaint is dismissed. Order, Supreme Court, New York County, entered July 5, 1979, denying defendants' motion to cancel notice of pendency, is unanimously affirmed, without costs. There was no writing in the present case sufficient to satisfy the requirements of the Statute of Frauds with respect to contracts for the sale of real property. (General Obligations Law, § 5-703, subd 2.) In our view, the purchase by

plaintiff of an adjoining parcel of property did not constitute part performance sufficient to take the case out of the Statute of Frauds. (See *Gracie Sq. Realty Corp. v Choice Realty Corp.,* 305 NY 271.) Such purchase was not "unequivocally referable" to the claimed oral agreement. *(Gracie Sq. Realty Corp. v Choice Realty Corp., supra,* p 279, quoting *Burns v McCormick,* 233 NY 230, 232.) Neither do we think that defendants are estopped to plead the Statute of Frauds. However, we think the earlier order denying the motion to cancel the notice of pendency was proper on the facts and papers then before the Special Term Justice. The fact that we think the contract is void under the Statute of Frauds does not mean that the "plaintiff has not commenced or prosecuted the action in good faith." (CPLR 6514, subd [b].) We note, however, that plaintiff will be entitled to cancellation of notice of pendency if and when "the time to appeal from a final judgment against the plaintiff has expired; or if enforcement of a final judgment against the plaintiff has not been stayed pursuant to section 5519." (CPLR 6514, subd [a].) Concur—Sullivan, Lupiano, Silverman and Bloom, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: The plaintiff-respondent impliedly sets forth a cause of action with respect to the purchase of an adjoining parcel of property for the sum of $500,000 in reliance upon the representations by the defendants-appellants that their property, the larger parcel, would also be sold to the plaintiff. Although not specifically pleaded as a separate cause of action, the plaintiff should be given leave to, and can in any event, still sue on that ground. That claim is strictly for monetary damages, and therefore there is no need for *lis pendens.*