■ DORBY FROCKS, LTD., Appellant, v AARON KOHN et al., Defendants, and MARC W. WILBURNE, Respondent. — Order, Supreme Court, New York County (Greenfield, J.), entered on November 5, 1982, affirmed for the reasons stated by Greenfield, J., at Special Term, without costs and without disbursements. Concur — Sandler, J. P., Fein, Milonas and Kassal, JJ.

Carro, J., who dissents in a memorandum as follows: I would reverse to, in effect, continue our order holding the $613,432.06 (realized from the sale of the house) in escrow as security for plaintiff. The order appealed from canceled a *lis pendens* against defendant Marc W. Wilburne's Connecticut house. Prior to perfection of this appeal plaintiff moved for a stay, so as to block a sale of the house. That application was denied but the proceeds noted above (after the mortgage was paid) were to be held in escrow. Aside from the general procedure of deeming the facts alleged in the complaint to be true, plaintiff has shown that it was the sole source of income for defendant at the time when defendant purchased the house (defendant defaulted in answering written interrogatories). Thus, the funds for the house are " 'unequivocally referable' " to the fraud alleged and the *lis pendens* was proper in the first place. (*Jonestown Place Corp. v 153 West 33rd St. Corp.,* 74 AD2d 525, 526; *Jaffe v Weld,* 155 App Div 110.) Although we have allowed the sale to go through there is no reason why defendant should not secure the action.