■ In the Matter of the Estate of FRANK J. RIVERS, Deceased. MARY A. RIVERS, as Administratrix of the Estate of FRANK J. RIVERS, Deceased, Appellant; VINCENT CATALFO, as Guardian ad Litem, Respondent.—Order, Surrogate's Court, New York County (Renee R. Roth, S.), entered February 19, 1985, which granted the motion of petitioner administratrix for reargument and, upon reargument, adhered to the court's original determination which denied the petition to transfer certain real property from the decedent's estate to 3769 Tenth Avenue Realty Corp. and awarded Vincent Catalfo, the guardian ad litem for the infant distributee, $1,750 as a fee for his services in this matter, unanimously modified, on the law and the facts, to grant the petition and to direct the transfer of the title to the commercial real property located at 3769 Tenth Avenue from the estate of Frank J. Rivers to 3769 Tenth Avenue Realty Corp., nunc pro tunc as of December 29, 1977, and otherwise affirmed, without costs or disbursements. The appeal from the decree of the Surrogate's Court, New York

County (Renee R. Roth, S.), entered May 13, 1985, is dismissed as subsumed in the appeal from the order granting reargument.

The decedent, Frank J. Rivers, contracted to purchase a parcel of commercial real property located at 3769 Tenth Avenue. The transaction closed on December 29, 1977 and all relevant documents were executed in Frank J. Rivers' individual name only. However, the proof adduced during this proceeding clearly evidenced an intent on the part of the deceased to take title in the corporate name and established part performance of his transfer of the property to the corporation.

Frank J. Rivers died intestate on January 15, 1982, at which time he had not yet formally executed the transfer of title to the corporation. His wife, as administratrix of the estate, brought this proceeding to convey the real property from the estate to the corporation.

Both decedent's attorney and his accountant presented evidence at the hearing. The attorney testified that the decedent instructed him to form a corporation specifically for the purpose of taking title to the premises. The attorney mailed the application to form 3769 Tenth Avenue Realty Corp. to the Secretary of State on December 15, 1977, but the certificate of incorporation was not filed until January 3, 1978. Consequently, the contract and other relevant documents signed on December 29, 1977 were in Rivers' individual name, but the contract contained a clause permitting him to assign the contract to a corporation. The attorney prepared a corporate outfit for the corporation.

The accountant testified that he prepared corporate income tax and franchise tax returns for 3769 Tenth Avenue Realty Corp. and all matters relating to the property were set forth on these corporate returns and none on Rivers' individual tax returns. All tax, water and sewer charges were billed and paid in the corporate name. The mortgage was paid in the corporate name from a corporate account.

The only tenant of the premises received and executed a renewal lease with the corporation as landlord.

On the basis of this proof the Surrogate found a clear intent to transfer title to the corporation but denied petitioner's application because there was no writing sufficient to satisfy the Statute of Frauds (General Obligations Law § 5-703).

We find that on these facts the doctrine of part performance takes the case outside of the Statute of Frauds. The various

acts of part performance, as described above, are " 'unequivocally referable' " to the agreement to transfer title and are unexplainable without reference to the alleged contract to transfer title. *(Burns v McCormick,* 233 NY 230, 232.) Accordingly, we modify the order and grant the application of the administratrix to transfer title, nunc pro tunc, as of December 29, 1977.

We have examined the other point on this appeal, concerning the reasonableness of the fee awarded the guardian ad litem, and find it without merit. Concur—Sandler, J. P., Asch, Milonas, Ellerin and Wallach, JJ.