■ ELIZABETH STREET INC., Respondent, v 217 ELIZABETH STREET CORP. et al., Appellants, et al., Defendant. [714 NYS2d

436] —Order, Supreme Court, New York County (Edward Lehner, J.), entered September 9, 1999, which, to the extent appealed from, denied that part of the corporate defendants' motion for summary judgment seeking dismissal of the complaint as against defendant 217 Elizabeth Street Corp., denied the motion of all defendants for summary judgment on their counterclaims, and denied defendants' request for an order directing plaintiff's counsel to appear for deposition, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered May 18, 2000, denying reargument, unanimously dismissed, without costs, as taken from a nonappealable order.

Although the Statute of Frauds (General Obligations Law § 5-703) is a bar to an action on a contract which requires a writing, such as the contract alleged by plaintiffs for the sale of real property (General Obligations Law § 5-703 [2]), the Statute will not prevent enforcement of an oral contract where there has been part performance " 'unequivocally referable' " to the purported agreement and nonenforcement will result in injustice (*Club Chain v Christopher & Seventh Gourmet*, 74 AD2d 277, 282, *appeal dismissed* 53 NY2d 703; *see*, General Obligations Law § 5-703 [4]; *Burns v McCormick*, 233 NY 230, 232). Here, there are, at the very least, triable issues as to whether there was part performance unequivocally referable to the agreement alleged by plaintiff, and as to whether nonenforcement of the alleged agreement would be inequitable.

In addition, because "the mere intention to commit the agreement to writing will not prevent contract formation prior to execution" (*Winston v Mediafare Entertainment Corp.*, 777 F2d 78, 80), the court properly considered "(1) whether there ha[d] been an express reservation of the right not to be bound in the absence of a writing; (2) whether there ha[d] been partial performance of the contract; (3) whether all of the terms of the alleged contract ha[d] been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing" (*id.*), and properly concluded that there were triable issues of fact as to whether the parties intended to be bound even in the absence of a written and executed contract.

The order entered May 18, 2000, denominated by defendants as one for "renewal, reargument and/or reconsideration" was properly considered by the motion court as one for reargument only, and having been denied as such, is nonappealable.

We have considered defendants' remaining arguments and find them unavailing. Concur—Sullivan, P. J., Tom, Ellerin, Rubin and Andrias, JJ.