NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHN WAGNER,
a married man in his sole and separate capacity,
*Plaintiff/Appellant*,

*v.*

BANK OF AMERICA, NA,
successor in interest to Countrywide Home Loans, Inc., and
Countrywide Bank, FSB,
*Defendant/Appellee.*

No. 1 CA-CV 13-0219
FILED 06-26-2014

Appeal from the Superior Court in Maricopa County
No.  CV2012-093758
The Honorable David M. Talamante, Judge

**AFFIRMED**

COUNSEL

John Wagner, Mesa
*Plaintiff/Appellant In Propria Persona*

Bryan Cave LLP, Phoenix
By Robert W. Shely, Rodney W. Ott
*Counsel for Defendant/Appellee*

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

**B R O W N**, Judge:

**¶1**          John Wagner appeals the superior court's judgment dismissing his claims for quiet title and unjust enrichment with prejudice against Bank of America.  For the reasons stated below, we affirm.

## BACKGROUND

**¶2**          Wagner alleged that he purchased two properties from Wanda Wortman in September 2011—one in Chandler and another in Payson.[1]  The purchase agreement was not in writing, and Wortman has refused to sign any documents memorializing the purchase.  According to Wagner, the agreement obligated him to pay off any recorded encumbrances on the properties.  At the time of the alleged purchase, Wortman told Wagner there was a deed of trust encumbering the Chandler property in favor of Bank of America.  After he was  unable to find a recorded deed of trust after two title searches, Wagner took possession of the Chandler property and began making repairs.

**¶3**          A deed of trust in favor of Bank of America's predecessor had been executed in September 2007, but it was not recorded until February 2012, after Wagner allegedly purchased the property.  Wagner filed a complaint seeking specific performance from Wortman and asserting a quiet title claim against Bank of America.  He alleged that his interest in the property was superior to Bank of America's subsequently recorded deed of trust.  Wagner also asserted unjust enrichment claims against both defendants as an alternative form of relief in the event the court found he did not have a superior interest in the property.

**¶4**          Bank of America moved to dismiss Wagner's claims on the grounds that: (1) he lacked legal title to the property because the purchase contract violated the statute of frauds; (2) the deed of trust had priority

---

[1]      Only the Chandler property is at issue on appeal.

because Wagner was not a subsequent purchaser for value without notice of the unrecorded deed of trust; and (3) it was not inequitable to give priority to the deed of trust. Wagner argued he had priority over Bank of America's deed of trust as a matter of law and that Bank of America could not raise Wortman's statute of frauds defense. The superior court found that Wagner was not a subsequent purchaser for value without notice and entered an appealable judgment dismissing all claims against Bank of America. Wagner then filed a timely notice of appeal.[2]

## DISCUSSION

**¶5** The only issue Wagner raises on appeal is that the superior court improperly dismissed his quiet title claim. We review de novo the grant of a motion to dismiss a complaint under Rule 12(b)(6), Arizona Rules of Civil Procedure. *Sw. Non-Profit Hous. Corp. v. Nowak*, 234 Ariz. 387, 390-91, ¶ 10, 322 P.3d 204, 207-08 (App. 2014) (citations omitted). "In doing so, we look only to the complaint, assuming the truth of all well-pled factual allegations and indulging all reasonable inferences. . . . Although we 'uphold dismissal only if the plaintiffs would not be entitled to relief under any facts susceptible of proof in the statement of the claim,' . . . we may affirm if the dismissal is correct for any reason[.]" *Id.* (internal citations omitted).

**¶6** Applying this standard of review, we affirm the order of dismissal, but on other grounds. *See Long v. Napolitano*, 203 Ariz. 247, 253, ¶ 12, 53 P.3d 172, 178 (App. 2002) (holding appellate court may affirm lower court ruling if it is correct on any ground). The superior court granted the motion to dismiss on the basis that Wagner was not a subsequent purchaser for value without notice. We base our decision on Wagner's failure to show he had an enforceable interest in the property because the alleged purchase contract did not comply with the statute of frauds. *See* Ariz. Rev. Stat. § 44-101(6).

---

[2] After Wagner filed his notice of appeal from the judgment dismissing his claims against Bank of America, Wortman filed a motion for summary judgment arguing: (1) the alleged oral contract violated the statute of frauds, and (2) Wagner was in material breach for failing to satisfy the encumbrances. After Wagner filed his opening brief on appeal, the superior court granted summary judgment in favor of Wortman without comment. Wagner did not amend his notice of appeal to include the order dismissing his claims against Wortman or otherwise separately appeal from that order.

¶7             Bank of America argues that Wagner never legally acquired title to the property and therefore could not properly assert that his property interest was superior.  We agree.  The statute of frauds provides, in relevant part:

> No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized:
>
> . . .
>
> Upon an agreement . . . for the sale of real property or an interest therein.

*Id.*   Wagner admits that Wortman never signed a contract or escrow documents.  Thus, the alleged purchase fails to comply with the statute of frauds.  Wagner argued below that the contract falls outside the statute of frauds by his part performance.[3]  He  alleged that his part performance consisted of taking possession of the property, as well as turning on utilities, cleaning, and making repairs to the property.

¶8             Part performance is a well-established exception to the statute of frauds.  *Owens v. M.E. Schepp Ltd. P'ship,* 218 Ariz. 222, 226, ¶ 16, 182 P.3d 664, 668 (2008).  "[T]he acts of part performance take an alleged contract outside the statute only if they cannot be explained in the absence of the contract."  *Id.*  That is, "any alleged act of part performance [must] be consistent only with the existence of a contract and inconsistent with other explanations such as ongoing negotiations, . . . or an existing relationship between the parties[.]"  *Id.* at 227, ¶ 18, 182 P.3d at 669 (citations omitted).

---

[3]     Wagner did not address the statute of frauds argument in his opening brief because, he contends, it was not relied on by the superior court.   As noted above, we may affirm the grant of a motion to dismiss if it correct for any reason.  Wagner briefly addressed the statute of frauds in his reply brief, but this court, in a previous order, declined to accept his reply brief as untimely.  Accordingly, we do not consider the arguments raised in Wagner's reply brief.  We do, however, address the arguments Wagner raised in the superior court regarding the statute of frauds.

¶9          Although acts of part performance that demonstrate reliance on an oral agreement may remove an agreement from the statute of frauds, Wagner did not allege facts sufficient to demonstrate such reliance. Specifically, Wagner asserted that upon taking possession of the Chandler property, he "commence[d] cleaning and repairing . . . performed plumbing repairs, had utilities turned on, had insurance put on the property, had the water turned on, deduced a mold infestation and commenced remediation of that problem." However, despite Wagner's assertions that "these acts, and possession, were done with the knowledge and concurrence of defendant Wortman" there is no allegation that they were performed in reliance of the purchase contract. Additionally, Wagner did not assert that he paid Wortman anything for the property. Wagner's complaint therefore failed to allege acts that were "unequivocally referable" to an alleged contract to purchase the property. *Id.* at 226, ¶ 16, 182 P.3d at 668 (quoting *Burns v. McCormick,* 135 N.E. 273, 273 (N.Y. 1922)). Accordingly, the statute of frauds precludes enforcement of the alleged purchase agreement. Wagner was, therefore, not a "purchaser" for purposes of the recording statutes. *See* A.R.S. §§ 33-411(A); -412(B).

¶10          Wagner argued in the superior court that Bank of America has no standing to raise the statute of frauds on Wortman's behalf. Bank of America, however, is entitled to raise the statute of frauds as a defense to Wagner's claim that he is a subsequent purchaser with superior rights to the property. If Wagner is not a "purchaser" he cannot claim that he is entitled to the protections afforded to a subsequent purchaser without notice pursuant to A.R.S. § 33-411(A). Thus, Bank of America properly raised the statute of frauds in its motion to dismiss.

¶11          Because Wagner has no enforceable interest in the property at issue, he could not assert any rights to the property that are superior to Bank of America. The superior court properly granted Bank of America's motion to dismiss. In light of this disposition, we need not address whether Wagner had notice of the unrecorded deed of trust prior to his alleged purchase.

## CONCLUSION

¶12　　　　We affirm the order dismissing Wagner's claims against Bank of America.



Ruth A. Willingham · Clerk of the Court
FILED: gsh